71252. BETANCOURT v. THE STATE.
(341 SE2d 239)

SOGNIER, Judge.

Betancourt appeals the denial of a motion to withdraw his plea of guilty to the offense of conspiracy to possess cocaine.

Prior to his plea Betancourt's attorneys had several discussions with the district attorney and the trial judge scheduled to try appellant concerning a sentence agreement in exchange for a plea of guilty. An agreement was allegedly reached with a portion of the agreement

being that appellant would receive fifteen years confinement (the maximum), with twelve years to serve and three years probation, the probation to be suspended after payment by appellant of a fine, restitution and court costs totalling $25,050. When the pretrial offer was presented to appellant, his counsel informed him that the agreement also contained a provision that after sentencing of appellant's two co-defendants in federal court, appellant's sentence to confinement would be reduced to the lesser of his co-defendants' sentences to confinement. Upon assurances that his sentence to confinement would be reduced, appellant accepted the pretrial offer and pleaded guilty. Thereafter, appellant's co-defendants were sentenced in federal court and the lesser of their sentences was to five years confinement. Appellant then filed a motion for reduction of sentence and after a hearing the trial judge denied the motion, stating that he had not agreed to reduce appellant's sentence, but only agreed to entertain a motion for reduction after the co-defendants were sentenced. Appellant then filed a motion to withdraw his plea of guilty. After a full evidentiary hearing appellant's motion was denied and he filed this appeal.

At the hearing on appellant's motion to withdraw his plea two of his attorneys testified that after several discussions, the trial judge agreed to reduce appellant's sentence to confinement to the lesser of the sentences to confinement received by his co-defendants, and based on assurances that his sentence to confinement would be reduced, appellant accepted the offer. Appellant verified in his testimony that the basis of his acceptance of the offer was the provision to reduce his sentence to confinement, as he would never plead guilty under an agreement to receive the maximum confinement authorized. The trial judge testified that he did not agree to reduce appellant's sentence to confinement, but only agreed to entertain a motion for reduction of sentence after appellant's co-defendants were sentenced.

Regardless of the obvious misunderstanding as to the terms of the pretrial agreement, this misunderstanding is not controlling on the issue of withdrawal of appellant's plea of guilty. When appellant entered his plea of guilty, he stated in response to questions by the court that he was entering his plea freely and voluntarily. He stated further that he had read and understood each question on the guilty plea form, and his answers were true and correct. He answered "yes" to the question on that form: "Do you understand that the Court is not bound by any promises or representations about sentencing made to you and that the Court can impose the maximum sentence in this case if the plea is accepted?" Further, when asked about a recommended sentence, neither appellant nor his counsel made any reference to a reduction in sentence being a part of the pretrial agreement. Under such circumstances, the trial court hearing the motion to withdraw the plea of guilty was authorized to find that appellant's plea of

guilty was entered freely and voluntarily.

"A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel." *Davis v. State*, 151 Ga. App. 736, 737 (261 SE2d 468) (1979). After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion. *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980). Under the circumstances of this case we find no abuse of discretion. Hence, it was not error to deny appellant's motion to withdraw his plea of guilty. *Davis, Crump*, supra.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 28, 1986 —
REHEARING DENIED FEBRUARY 10, 1986 — 

*Grayson P. Lane, Delman L. Minchew*, for appellant.
*Harry D. Dixon, Jr., District Attorney*, for appellee.