71985. HICKS v. THE STATE.
(344 SE2d 758)

SOGNIER, Judge.

On November 21, 1984 appellant pled guilty to burglary, two counts of kidnapping, two counts of armed robbery, rape, two counts of false imprisonment, and possession of a firearm by a convicted felon. On December 31, 1984 appellant filed a motion to withdraw his plea of guilty. After a full evidentiary hearing the motion was denied and Hicks appeals.

Appellant contends he was influenced by his attorney to enter a guilty plea in hopes of getting a lighter sentence, and his counsel's assistance was ineffective because he did not interview appellant until shortly before entry of his plea of guilty. We do not agree. The guilty plea hearing in this case was one of the most thorough and comprehensive that we have seen. A review of that transcript makes it abundantly clear that appellant's plea of guilty was entered knowingly, voluntarily, and without influence or pressure from anyone. Appellant acknowledged that he committed the acts alleged after the elements of each offense charged were explained to him, and acknowledged that he had had ample time to consult with his attorney and was satisfied with his attorney's handling of the case. After the punishment for each offense was explained to him, appellant acknowledged that he understood the maximum punishment which could be imposed and that he understood the trial court was not bound by any recommendation of the State as to sentence, even though this was not a negotiated plea. The transcript of the hearing on appellant's motion to withdraw his plea of guilty reinforces the fact that the plea of guilty was completely voluntary, and that appellant was well represented by counsel.

After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial judge and will not be disturbed on appeal absent a manifest abuse of discretion. *Betancourt v. State,* 177 Ga. App. 738 (341 SE2d 239) (1986). After

examination of the entire transcript of the guilty plea hearing and the hearing on appellant's motion to withdraw his plea of guilty, we find no abuse of discretion. Appellant's enumeration of error is totally lacking in merit.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 24, 1986.

R. *Allen Hunt*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Madeline S. Griffin, Assistant District Attorneys*, for appellee.