72617. THORNTON et al. v. THE STATE.
(349 SE2d 23)

SOGNIER, Judge.

Larry Thornton and his wife were convicted of criminal solicitation by offering another person money to commit aggravated battery on James Wix. On the second day of trial appellants withdrew their pleas of not guilty and entered pleas of guilty; they were sentenced the same day. Approximately six weeks later appellants filed a motion to withdraw their pleas of guilty. After an evidentiary hearing the motion was denied and the Thorntons appeal from that ruling.

Appellants contend their pleas of guilty were not entered voluntarily and intelligently, because they were frightened and confused, were rushed into making a decision, and were not asked by the trial court if they were, in fact, guilty of the offense charged. They also contend the court erred at the motion hearing by excluding appel-

lants' testimony as to conversations they had with their trial defense counsel before trial and again before entering their pleas of guilty.

At the hearing on appellants' pleas of guilty, both appellants stated that they were pleading guilty freely and voluntarily, and that no one had threatened or coerced them into pleading guilty. Appellants' trial counsel both stated that there was a basis in fact for the guilty pleas. Appellants also stated that they understood the charge against them and the maximum punishment they could receive.

At the hearing on the motion to withdraw their pleas of guilty, appellants testified they were confused, could not think, and felt they had no choice in the matter. They were just doing what one of their counsel said they should do. Appellants also testified they were not guilty of the offense charged, and had they been asked if they were guilty at the hearing on their pleas they would have answered in the negative.

After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of such discretion. *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980); *Hicks v. State*, 178 Ga. App. 837 (344 SE2d 758) (1986). Regardless of appellants' testimony on the motion to withdraw their pleas of guilty, the hearing on the pleas shows clearly that the pleas were entered voluntarily, and that appellants fully understood what they were doing at the time they pleaded guilty. They stated that they understood what the trial judge explained to them and asked no questions; in short, there was nothing to indicate that appellants had been pressured into pleading guilty. Hence, we find no abuse of discretion in denial of appellants' motion to withdraw their pleas of guilty.

In regard to the alleged error in not allowing appellants to testify as to what their counsel told them in discussing whether or not they should plead guilty, any error in excluding such testimony would be harmless. A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel. *Betancourt v. State*, 177 Ga. App. 738, 740 (341 SE2d 239) (1986). Thus, testimony as to what appellants' counsel told them about pleading guilty would not affect the court's decision in denying the motion to withdraw the pleas of guilty.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 12, 1986.

*Thomas E. Maddox, Jr.*, for appellants.
*Frank C. Winn, District Attorney, J. David McDade, Assistant*

*District Attorney*, for appellee.