## A89A1484. GREEN v. THE STATE.
### (388 SE2d 57)

BENHAM, Judge.

The sole issue on appeal is whether the trial court, in sentencing appellant, properly considered matters not in evidence as aggravating circumstances. In exchange for appellant's plea of guilty to the charge of incest, the State agreed not to prosecute him on any crimes related to the victim's older sister, and to submit a letter in the presentence investigation stating that since the victim and her older sister were out of the home, there was no likelihood that the crimes would occur again. Prior to imposing a sentence of 6 years, the trial court stated: "Well, of course, if it'd just been a one incident situation it might be something to think about. The information I have is, is that it's not a single incident. It involves more than this one particular daughter. And that sort of conduct is not going to be tolerated, Mr. Green. You know that. It just is not going to be."

"[I]f a pre-sentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel by the trial judge in advance of the pre-sentence hearing. . . ." *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975). Appellant had notice that information relating to prior similar conduct with the victim's older sister was included in the presentence investigation, since its inclusion was, at his request, part of the plea agreement.

Although "a presentencing report cannot be used in aggravation in determining sentence [cit.]" (*Rampley v. State*, 166 Ga. App. 521 (4) (304 SE2d 574) (1983)), "where the transcript does not affirmatively show that the trial court used the pre-sentence reports for the unlawful purpose of increasing the sentence, rather than for the lawful purpose of determining whether to grant probation, no cause for reversal is shown. [Cit.]" *Jones v. State*, 165 Ga. App. 180 (5) (300 SE2d 534) (1983). The trial judge's comments regarding similar conduct by appellant with the victim's older sister are consistent with his decision not to give appellant a probated sentence, and we cannot conclude that he improperly used the reports to extend the length of appellant's sentence, particularly when the sentence was only 6 out of a possible 20 years. See *Williams v. State*, 165 Ga. App. 553 (3) (301

SE2d 908) (1983). This case is unlike *Almon v. State*, 151 Ga. App. 863 (2) (261 SE2d 772) (1979), relied on by appellant, in which this court held that it could not conclude that the presentence report had not been used to increase the length of the sentence where the defendant received 15 out of a possible 20 years. The trial court was authorized to use the information for the lawful purpose of determining whether to grant probation.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989.

*J. Bennett Threlkeld*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.