## A01A0121. PALMER v. THE STATE.
(546 SE2d 886)

BLACKBURN, Chief Judge.

Following a jury trial, Brian Wayne Palmer appeals his conviction for child molestation, contending that the trial court erred by: (1) excluding statements from the victim's diary which falsely accused other men of molestation; (2) charging the jury that the act of molestation could be committed in a manner different from that set forth in the indictment; (3) failing to instruct the jury with regard to prior false accusations; and (4) considering prejudicial material during sentencing without affording him appropriate notice. For the reasons set forth below, we affirm the conviction.

1. Palmer contends that the trial court improperly excluded statements made in the victim's diary which falsely accused other men of molesting her. We disagree.

During the trial, portions of a diary kept by the victim were used by both the State and the defendant. The State offered excerpts to prove that Palmer molested the victim, and the defendant introduced passages which contained certain false accusations by the victim against men other than Palmer. The latter material was introduced after the trial court conducted a hearing to determine their falsity. On appeal, Palmer contends that there were additional passages in the diary, other than those allowed by the trial court, which should have also been introduced into evidence as false accusations.

> Before admitting proof of a victim's false allegation of sexual misconduct, the trial court must conduct a hearing, outside the presence of the jury, to determine whether a reasonable probability exists that the victim made a prior false accusation of sexual misconduct. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." The defendant bears the burden of coming forward with evidence at the hearing. The trial court's ruling will not be overturned absent an abuse of discretion. [*Strickland v. State*.[1]]

(Footnotes omitted.) *Pittman v. State*.[2]

In this case, Palmer contends that the victim, in her diary, falsely accused K. B. of fondling and kissing her inappropriately in a swimming pool. When questioned, the victim confirmed that this had happened, and the State provided another witness who corroborated the victim, stating that, in the past, she had previously seen K. B.

---

[1] *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).
[2] *Pittman v. State*, 243 Ga. App. 564, 566 (2) (b) (533 SE2d 769) (2000).

fondling the victim. To refute the accusation, the defendant called K. B., who denied the allegation. The defendant also called K. B.'s ex-girlfriend, who testified that she had never been present when K. B. and the victim were in the pool together, and the victim's mother, who testified that she did not think that she was present on the day the alleged incident between K. B. and the victim took place.

Based on this evidence, Palmer failed to shoulder his burden of showing that the victim's accusation against K. B. had a reasonable probability of being false. In essence, Palmer offered only K. B.'s denial of the alleged acts of molestation, and this denial was undermined by the State's witnesses. Accordingly, the trial court did not abuse its discretion by excluding the victim's diary entry regarding K. B. *Kelley v. State.*[3]

Palmer also contends that the victim, in her diary, falsely accused M. W. of attempting to have sexual intercourse with her. The State, again, offered testimony from the victim that this event indeed happened. The defendant, in rebuttal, offered the testimony of M. W., who confirmed that he did, in fact, attempt to have intercourse with the victim. The only inconsistency between the testimony of the victim and M. W. was that the victim believed that M. W. had inserted the head of his penis into her vagina and M. W. testified that he had not. M. W. admitted the attempt at intercourse, however.

Based on this evidence, Palmer failed to show that the victim's accusation against M. W. bore a reasonable probability of falsity, and the trial court did not abuse its discretion by excluding admission of this material into evidence as a prior false accusation. *Ney v. State.*[4]

2. Palmer contends that the trial court erred by instructing the jury that the act of molestation could be committed in a way other than that set forth in the indictment. Again, we disagree.

Palmer was indicted for

> perform[ing] an immoral and indecent act to and with [J. B.], a child under the age of 16 years, to wit: the said accused did kiss the said child on her mouth and did engage in sexual intercourse with the said child with intent to arouse and satisfy his sexual desires and that of the said child.

During its deliberations, the jury sent a note to the judge, which stated: "According to the indictment, the child molestation charge must include sexual intercourse. Do we understand this charge correctly?" The trial court responded, "No — the indictment allows you to consider kissing as the primary act or sexual intercourse as the

[3] *Kelley v. State*, 233 Ga. App. 244 (503 SE2d 881) (1998).
[4] *Ney v. State*, 227 Ga. App. 496 (489 SE2d 509) (1998).

primary act or both or either standing alone." Palmer argues that this response was erroneous, contending that the indictment required the State to prove both that Palmer kissed and had sexual intercourse with the victim.

However,

> [w]hen an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.

(Citation and punctuation omitted.) *Cronan v. State*.[5]

Accordingly, the trial court in this case appropriately instructed the jury that it could convict Palmer of child molestation if it found that he either inappropriately kissed or had sexual intercourse with the victim.

3. Palmer contends that the trial court erred by denying his request to charge the jury with regard to the use and evidentiary value of the prior false accusations of the victim which were admitted into evidence.

> In order for the trial court's failure to give a requested instruction to constitute reversible error, the refused request must be a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given. The record in the instant case does not contain a copy of any timely filed request to instruct on [prior false accusations]. Accordingly, the requisite preliminary determination as to the legal accuracy of appellant's refused request cannot be made. However, even assuming that the refused request was an accurate statement of the law, the trial court's failure to have given it was not reversible error. The trial court's charge, as actually given, was full and fair and substantially covered all the legal principles relevant to the determination of appellant's guilt.

(Citations and punctuation omitted.) *Walton v. State*.[6]

---

[5] *Cronan v. State*, 236 Ga. App. 374, 377-378 (3) (511 SE2d 899) (1999).
[6] *Walton v. State*, 272 Ga. 73, 75 (4) (526 SE2d 333) (2000).

4. Finally, Palmer contends that, during his sentencing hearing, the trial court improperly considered evidence of a simple battery committed in 1994, a prior juvenile charge, and a certain victim impact statement, all of which were contained in a presentence investigative report.

Both parties to this appeal agree that the standard set forth in *Munsford v. State*[7] is applicable here.

> If a pre-sentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel by the trial judge in advance of the pre-sentence hearing. [Id.] . . . Although a presentencing report cannot be used in aggravation in determining sentence, where the transcript does not affirmatively show that the trial court used the pre-sentence reports for the unlawful purpose of increasing the sentence, rather than for the lawful purpose of determining whether to grant probation, no cause for reversal is shown.

(Citations and punctuation omitted.) *Green v. State*.[8]

In this case, there is no evidence that the information contained in the presentence investigative report caused the trial court to increase the length of sentence it would have otherwise given. To the contrary, at the end of the sentencing hearing, the trial court stated that the sentence that it handed down was, in fact, more lenient than the sentence that he had originally wanted to give Palmer. As such, we find no error.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2001.

*Michael E. Bergin*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.

---

[7] *Munsford v. State*, 235 Ga. 38, 44-46 (218 SE2d 792) (1975).
[8] *Green v. State*, 193 Ga. App. 464 (388 SE2d 57) (1989).