A03A1770. WRIGHT v. THE STATE.
(593 SE2d 391)

MIKELL, Judge.

Marty Shawn Wright pled guilty to armed robbery, kidnapping, aggravated assault, and escape. He was sentenced to life, 20 years, 20 years, and 12 months, respectively, to run concurrently. On appeal, Wright argues that the trial court improperly considered his criminal record and the prosecutor's hearsay statements when it

---

[5] *Perdue v. State*, 256 Ga. App. 765, 766 (1) (a) (578 SE2d 456) (2002).

imposed his sentence. Wright also contends that his trial counsel was ineffective. We affirm.

1. Wright argues that his sentence should be declared void because the trial court impermissibly considered his criminal record when imposing his sentence. "There is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety."[1] As Wright has failed to carry his burden, this argument fails.

Based on the following comments made by the trial judge during the sentencing hearing, Wright maintains that the trial court considered either his National Crime Information Center (NCIC) or Georgia Crime Information Center (GCIC) report before sentencing him:

> The other emotion, though unfortunately for you, is fear. Fear for society because it looks like you really just can't function in society as nearly as I can tell. And it may not be entirely your fault, if that's the case, but that's just kind of where you are here. It appears that you've spent most of your life, since adolescence at any rate, institutionalized in some fashion. And I notice that you were out of prison less than two months, it appears, before you committed another violent, or what could have been violent in nature, crime of robbing somebody with a pistol, be it a BB gun or whatever it was, I'm sure it was frightening to the clerk.

The record is devoid of evidence that the trial judge considered Wright's NCIC or GCIC report or any other inadmissible source. Conversely, it appears from the record that the trial judge's comments were based upon information contained in Wright's psychiatric evaluation, which was requested by Wright's counsel. We note, too, that the sentences imposed for each conviction were within the sentencing guidelines.[2] As Wright has failed to rebut the presumption that his sentence was correctly imposed, this enumeration fails.

Wright's argument that the prosecutor should have filed a notice of aggravation of punishment in the case, pursuant to OCGA § 17-10-2 (a), is also unavailing. "By its terms, OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings."[3] Even if the statute applied, it only precludes the state from introducing evidence in aggravation of punishment

---

[1] (Citation and punctuation omitted.) *Lynn v. State*, 236 Ga. App. 600, 604 (3) (512 SE2d 695) (1999). See *Jones v. State*, 233 Ga. 662, 663 (3) (212 SE2d 832) (1975).

[2] See OCGA §§ 16-8-41 (b); 16-5-40 (b); 16-5-21 (c); 16-10-52 (b) (1).

[3] *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332) (1993).

without providing notice to the defendant of its intent to do so. In this case, Wright was aware of the content of his psychiatric evaluation.

2. During the sentencing hearing, the prosecutor informed the court that Wright confessed that if he had not been apprehended, he planned to commit more armed robberies in the future because his family needed the money; that he had committed an armed robbery in Texas; and that he would have killed the owner of the store that he robbed had the owner been present. Wright argues that the prosecutor's statement constituted inadmissible hearsay and that the trial court erred by considering the statement as evidence of Wright's future dangerousness. Again, we disagree.

"[T]here is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision."[4] In *Humphrey v. State*,[5] upon which Wright relies, we held that a trial court is not permitted to consider impermissible hearsay when imposing a sentence.[6] In that case, however, the trial court expressly relied on the prosecutor's hearsay statement when it denied the defendant first offender status, rebutting the presumption that the judge considered only the legal evidence in the case. In the instant case, there is no evidence that the trial judge considered the prosecutor's hearsay statements when imposing Wright's sentence. In the absence of such evidence, we must apply the presumption that the judge "consider[ed] only those matters which may be lawfully considered in determining a sentence."[7]

3. In his remaining enumerated errors, Wright argues that his trial counsel was ineffective for failing to object to the trial court's consideration of Wright's criminal record and to the prosecutor's hearsay statements. We disagree.

> In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by the deficient performance — i.e., that there was a reasonable probability that the trial would have turned out differently but for counsel's deficient performance. A finding by the trial court that the defendant did not receive ineffective assistance of counsel will be affirmed unless clearly erroneous.[8]

---

[4] (Citation and punctuation omitted.) *Raborn v. State*, 192 Ga. App. 99, 100 (2) (b) (383 SE2d 650) (1989).

[5] 257 Ga. App. 312 (571 SE2d 187) (2002).

[6] Id. at 314 (1).

[7] (Citations omitted.) *Johnson v. State*, 170 Ga. App. 433, 437 (8) (317 SE2d 213) (1984).

[8] (Citations and punctuation omitted.) *Abney v. State*, 240 Ga. App. 280, 282-283 (3) (523 SE2d 362) (1999).

"A court considering a claim of ineffectiveness of counsel is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one."[9]

(a) Wright argues that his trial counsel should have objected to the trial judge's consideration of Wright's criminal record. In his brief, Wright argues that "[t]he court had to be referring to either a NCIC report, GCIC report or some unidentified information." Wright's argument is based on pure conjecture and speculation. As stated earlier, there is no evidence that the trial court considered Wright's GCIC, NCIC, or any other unidentified source when it determined Wright's sentence. A fortiori, we cannot find that trial counsel's failure to object constituted ineffective assistance of counsel.

We note that even if Wright claimed that his trial counsel erred by requesting the mental evaluation, which the record shows the trial court did consider, our conclusion would be the same. Wright's counsel specifically stated that the report was requested in anticipation of raising the defense that Wright was delusional when he committed the crimes associated with the escape charge. Thus, the decision to request the report was a tactical one. "As a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[10]

(b) There is no evidence that the trial court relied on the prosecutor's hearsay statements about Wright's criminal history when it sentenced him. Thus, we cannot find that Wright's sentence would have been different but for counsel's failure to object to the prosecutor's statements. Consequently, this argument cannot support an ineffectiveness claim.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004 ▉▉▉▉▉▉▉▉

*David E. Webb*, for appellant.
*Peter J. Skandalakis, District Attorney, Matthew T. McNally, Assistant District Attorney*, for appellee.

---

[9] (Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

[10] (Citation, punctuation and footnote omitted.) *Roebuck v. State*, 261 Ga. App. 679, 685 (5) (583 SE2d 523) (2003).