A07A0820. ROBERTS v. THE STATE.
(648 SE2d 783)

BERNES, Judge.

A Dougherty County jury convicted Dennis Victor Roberts of two counts of aggravated child molestation based upon acts perpetrated upon L. W. and V. H. Roberts appeals from the denial of his motion for new trial, contending that the trial court erred in excluding evidence that L. W. had previously made a false accusation of sexual misconduct. We affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence adduced at trial shows that Roberts was L. W.'s stepfather and that L. W. lived with her mother, Roberts, and Roberts' two children, J. R. and A. R. When L. W. was ten years old, Roberts began to sexually abuse her and continued to do so on a daily basis over the course of five years.

When L. W. and her cousin, victim V. H., were between 12 and 14 years old, Roberts orally sodomized both children after plying the young girls with alcohol and coercing their participation in a strip poker game. Both victims agreed to keep the molestations a secret, but after L. W. moved in with her biological father over two years later, she disclosed the sexual abuse to her father in a written poem. L. W.'s father reported the sexual abuse to the police and after the police investigated the allegation, Roberts was arrested and ultimately indicted and convicted on the charges at issue.

Though not enumerated as error, we note that the evidence adduced at trial was sufficient to sustain Roberts' conviction for two counts of aggravated child molestation. See OCGA § 16-6-4 (c); *Berman v. State*, 279 Ga. App. 867, 867-869 (1) (632 SE2d 757) (2006).

Roberts' sole claim of error on appeal is that the trial court abused its discretion in excluding evidence that L. W. had made prior false accusations of sexual abuse against an older cousin.[1] We disagree.

During the exchange of pretrial discovery in this case, L. W.'s therapy records were provided to Roberts' defense counsel. The

---

[1] Roberts also claims that the trial court's evidentiary ruling violated the Sixth and Fourteenth Amendments of the United States Constitution, but he waived this claim by failing to assert it at trial. See *Hardeman v. State*, 272 Ga. 361 (529 SE2d 368) (2000); *Wallace v. State*, 238 Ga. App. 69, 70 (1) (517 SE2d 801) (1999).

records included a letter from L. W. to her therapist in which she described several traumatic incidents and alleged that she had been sexually molested by her older cousin. The letter also alleged that Roberts had previously required the family to participate in a "streaking" incident, in which Roberts, L. W., her mother, and Roberts' children, A. R. and J. R., purportedly ran nude from their house to a nearby elementary school and back. The state filed a motion in limine seeking to exclude any reference to the victims' sexual history and history of sexual abuse. Roberts argued that the statements in L. W.'s letter constituted prior false accusations of sexual misconduct, and thus, were admissible.

The trial court subsequently conducted an in-camera hearing to determine the admissibility of the evidence. L. W.'s cousin testified at the hearing and denied the prior molestation accusations. Roberts' son, J. R., also testified at the hearing and stated that contrary to L. W.'s allegations, he never observed or participated in a "streaking" incident. After hearing the evidence, the trial court concluded that Roberts had met his burden of showing a reasonable probability that L. W.'s allegations regarding the streaking incident were false, but reached a contrary conclusion regarding L. W.'s allegations against her cousin. As such, the trial court admitted evidence of L. W.'s allegations regarding the streaking incident, but excluded the evidence of L. W.'s prior molestation accusations against her cousin.

Georgia's rape shield law, OCGA § 24-2-3, does not prohibit testimony regarding the victim's prior false accusations of sexual misconduct. *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989). Such evidence "is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur." Id. "However, before evidence of a prior false accusation can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists." (Citation and punctuation omitted.) *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998). " 'Reasonable probability' is defined as a probability sufficient to undermine confidence in the outcome." (Citation, punctuation and footnote omitted.) *Palmer v. State*, 248 Ga. App. 515 (1) (546 SE2d 886) (2001). The defendant bears the burden of proof at the hearing. Id. A trial court's ruling on this issue will not be overturned on appeal absent an abuse of discretion. Id.

Applying these standards to the case at hand, we discern no error. As an initial matter, contrary to Roberts' assertions, the trial court committed no error in considering L. W.'s accusation regarding the streaking incident and the accusation of molestation by her cousin separately to determine their individual admissibility, even

though both prior accusations of sexual misconduct were presented in L. W.'s letter to her therapist. See *Palmer*, 248 Ga. App. 515-516 (1).

Nor did the trial court err in determining that there was no reasonable probability of falsity with regard to L. W.'s prior molestation accusations against her cousin. The evidence pertaining to the allegations against the cousin merely consisted of conflicting testimony — L. W. claimed that the molestation incidents occurred, while her cousin denied the claim. "Of course, the fact that an accused states that the accusation against him is false is hardly evidence sufficient to raise a reasonable probability of falsity." (Citation and punctuation omitted.) *Williams v. State*, 266 Ga. App. 578, 580 (1) (597 SE2d 621) (2004). While Roberts relies upon evidence that L. W. delayed reporting the alleged molestation until the time of a heated custody and child support dispute between her parents, this evidence merely presented a credibility issue for the trial court, not this Court, to resolve in analyzing whether there was a reasonable probability of falsity. See, e.g., *Flowers v. State*, 220 Ga. App. 814 (1) (468 SE2d 199) (1996), rev'd on other grounds, *Strickland v. State*, 223 Ga. App. 772 (479 SE2d 125) (1996).

Roberts further argues that his son's testimony denying that the streaking incident occurred supported the cousin's testimony denying that he had molested L. W. Roberts is correct that his son's testimony provided some support to his cousin's testimony, since evidence of one prior false allegation by the victim lends credence to the claim that the victim made an additional prior false allegation. But, it does not follow that the trial court was compelled, based on that fact alone, to credit the cousin's testimony over that of L. W. This is particularly true since, unlike Roberts' son, the cousin was accused of being a perpetrator of a sexual crime, and so his denial of L. W.'s claim was far more self-serving than the son's denial.

"[W]e review the trial court's determinations concerning the credibility of witnesses only for clear error." (Footnote omitted.) *Hall v. State*, 254 Ga. App. 131, 132 (1) (561 SE2d 464) (2002). Roberts has failed to establish that the trial court clearly erred in its decision to credit the testimony of L. W. rather than that of her cousin. Hence, the trial court did not abuse its discretion in excluding evidence pertaining to the alleged prior molestation incident involving L. W.'s cousin. See *Williams*, 266 Ga. App. at 580-581 (1); *Palmer*, 248 Ga. App. at 515-516 (1).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 5, 2007.

*Leisa G. Terry*, for appellant.

*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.