A07A1745. GEYER v. THE STATE.
(657 SE2d 878)

JOHNSON, Presiding Judge.

Otto Geyer was indicted on charges of aggravated child molestation, aggravated sexual battery, and two counts of child molestation, for offenses involving his ex-wife's niece. While represented by an attorney, Geyer pled guilty to two counts of child molestation. The state agreed to not prosecute the remaining charges. After holding plea and sentencing hearings, the court sentenced Geyer to twenty years on one child molestation charge, thirteen of which would be served in confinement, and twenty years of probation on the other molestation charge. Geyer filed a motion to withdraw the guilty plea. He appeals from the court's denial of the motion.

1. Geyer contends his plea was not entered into knowingly and voluntarily. Specifically, he states that before he entered the guilty plea, he was told by counsel that counsel would meet with the judge in chambers, that Geyer was a candidate for probation and that he would receive a sentence of two to three years in prison at most. Geyer says his decision to plead guilty was linked to counsel's assertions. This enumeration presents no basis for reversal.

A review of the record makes it clear that Geyer's guilty plea was knowing and voluntary. At the plea hearing, Geyer admitted that he was in fact guilty, acknowledged that he had been informed of his rights, and affirmed that he had not been promised anything, threatened or coerced. Geyer affirmed that he was not suffering from any mental incapacity and was not under the influence of any drug or narcotic. Geyer's attorney stated that he had explained Geyer's rights to him and that Geyer seemed to understand them.

The state then recommended to the court a sentence of twenty years on one count, to serve fifteen in prison, and twenty years of probation on the other count. The court asked Geyer if he understood

his rights. Geyer, a college graduate, replied that he did and that he had no questions for the court.

Geyer executed a "Guilty Plea & Waiver of Rights" form in which he stated that he had been informed of his various rights and the possible sentences he could receive. He agreed that he was waiving his trial rights freely and voluntarily, that he was satisfied with his attorney's assistance, that he was not promised any special treatment in exchange for his plea, and that he was not pleading guilty because of any offer or hope of reward. The trial court found that the plea was knowing and voluntary, and accepted it. Sentencing occurred weeks later after another hearing.

After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial judge and will not be disturbed on appeal absent a manifest abuse of discretion.[1] On this record, the trial court was authorized to find that Geyer's plea was freely and voluntarily given, uninfluenced by any promises as to the possible sentence to be imposed as the result thereof.[2] We find no abuse of discretion.[3]

2. Geyer contends the trial court improperly considered undisclosed prejudicial hearsay evidence in aggravation of punishment at sentencing. Geyer points to two written statements which were attached to a pre-sentence investigation report prepared by the probation department. One of the statements was written by the victim, and the other was written by Geyer's ex-wife. Geyer says that the statements "assassinated" his character and were not provided to him or defense counsel prior to the sentencing hearing.

If a pre-sentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel by the trial judge in advance of the pre-sentence hearing.[4] *Although a pre-sentencing report cannot be used in aggravation in determining sentence*, where the transcript does not affirmatively show that the trial court used the pre-sentence report for the unlawful purpose of increasing the sentence, rather than for the lawful purpose of determining whether to grant probation, no cause for reversal is shown.[5] Geyer's attorney asked the trial court to sentence Geyer to probation. The trial judge's comments regarding the statements are consistent with his decision not to give Geyer a fully probated sentence, and we cannot conclude that he improperly used the report to extend the

---

[1] *Hicks v. State*, 178 Ga. App. 837 (344 SE2d 758) (1986).

[2] See *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980).

[3] See *Hicks*, supra at 837-838.

[4] *Green v. State*, 193 Ga. App. 464 (388 SE2d 57) (1989).

[5] See id.

length of Geyer's sentence, particularly when the sentence imposed was only 13 out of a possible 40 years in confinement.[6] The trial court was authorized to use the information for the lawful purpose of determining whether to grant probation.[7]

Although on appeal Geyer contends that the statements were not provided to him or defense counsel for review, the transcript of the sentencing hearing shows that trial counsel was given the opportunity to review the statements, but that he declined because he said he was already familiar with their contents. We further note that both the victim and the ex-wife who authored the statements were in court and presumably available for cross-examination. In any event, as discussed above, it does not appear that the trial court used the statements to increase the length of the sentence it would have otherwise given.[8] Indeed, Geyer was sentenced well below the maximum sentence which could have been imposed in the case.[9] And, at the hearing on the motion to withdraw the guilty plea, the trial court remarked that it did not "give much credence, much thought to those two statements just because of the shear [sic] tone of hatefulness and bitterness." No cause for reversal has been shown.

3. Geyer contends the trial court improperly considered ex parte prejudicial hearsay evidence for purposes of sentencing. According to Geyer, an attorney told the judge in the hallway that Geyer had harassed the attorney's son while awaiting sentencing, and a probation officer also discussed the matter with the judge.

At the sentencing hearing, the trial judge mentioned that someone reported that Geyer had been stalking or "making inappropriate contact with parties" while awaiting sentencing. Geyer then explained why he had been in the area and that he had no intention of harassing or stalking anyone. The court made no further comment about the incident.

Geyer maintains that the court violated Uniform Superior Court Rule 4.1, which states that judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding.[10] The record in this case does not show that the remarks made to the judge had any adverse effect on the sentence.[11] The trial judge gave Geyer an

[6] Id. at 464-465.

[7] Id. at 465.

[8] See *Palmer v. State*, 248 Ga. App. 515, 518 (4) (546 SE2d 886) (2001).

[9] See OCGA § 16-6-4 (b) (1); *Munsford v. State*, 235 Ga. 38, 45-46 (218 SE2d 792) (1975).

[10] See *Brooks v. State*, 232 Ga. App. 115 (2) (501 SE2d 286) (1998).

[11] See *Donelson v. State*, 220 Ga. App. 688, 689 (4) (469 SE2d 861) (1996).

opportunity to explain the allegations against him, and later re-marked that it was "not particularly concerned" about the incident. If there was error, Geyer has failed to show any harm.[12]

4. Geyer contends he received ineffective assistance of counsel during his sentencing hearing because his attorney failed to object to the consideration of the hearsay evidence at issue in Divisions 2 and 3.

In order to prevail on a claim of ineffective assistance of counsel, Geyer must show that counsel's performance was deficient and that he was prejudiced by the deficient performance.[13] A finding by the trial court that the defendant did not receive ineffective assistance of counsel will be affirmed unless clearly erroneous.[14] Geyer has failed to show by the record that the trial court's limited consideration of the statements at issue adversely affected the sentence.[15] Therefore, Geyer has not shown that his attorney provided ineffective assistance.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 5, 2008.

*H. Maddox Kilgore*, for appellant.
*Fred A. Lane, Jr., District Attorney, Thomas A. Cole, Assistant District Attorney*, for appellee.

---

[12] See generally *Youmans v. State*, 270 Ga. App. 832, 834 (1) (608 SE2d 300) (2004).
[13] See *Wright v. State*, 265 Ga. App. 188, 190 (3) (593 SE2d 391) (2004).
[14] Id.
[15] Id. at 191 (3) (b).