**SECOND DIVISION
BARNES, P. J.,
MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 25, 2013**

# In the Court of Appeals of Georgia

A13A1373. MARSHALL v. THE STATE.

BARNES, Presiding Judge.

Demario Antwon Marshall appeals his convictions for aggravated assault and possession of a firearm during the commission of a felony. He contends that he received ineffective assistance of counsel, that the trial court erred in its instructions to the jury, that the evidence was insufficient to support the conviction, and that the trial court erred in allowing the district attorney to recite his arrest record at sentencing. Finding no reversible error, we affirm.

Construed in favor of the verdict, the evidence shows that while the victim, Marshall's ex-girlfriend, was lying across the passenger seat of her car attempting to release the hood of the car and talking to her mother on her cell phone, Marshall approached her and attempted to strike up a conversation. The victim, who had

recently broken off their relationship, continued "talking to [her] mother like he wasn't there." . Marshall grabbed the victim's legs, pulled her out of the car and across the pavement, and shot at her at least three times but did not hit her. A neighbor, who had observed Marshall standing over the victim in the parking lot, interrupted the confrontation, enabling the victim to escape to her own apartment and call the police. Marshall fled the scene.

At trial, Marshall testified that the gun did not belong to him, but that the victim had retrieved the gun from the glove box of her car when he confronted her about stealing his laptop. He also testified that the gun discharged as they struggled for control of it. Marshall denied that he and the victim had a romantic relationship.

As a preliminary matter, we note that, for the most part, Marshall's appellate brief does not comply with Court of Appeals Rule 25, which requires citation to both the record and authorities, and a reasoned argument. "[N]onetheless, we will review [his] claims of error to the extent that we can, based on what we perceive [his] arguments to be." (Citation and punctuation omitted.) *Sevostiyanova v. State*, 313 Ga. App. 729, 729-730 (722 SE2d 333) (2012).

1. Marshall contends that he received ineffective assistance of counsel because his attorney did not investigate the case, did not request a continuance so that a

private investigator would be available to testify, and did not object to the prosecutor's statements at sentencing.

> [To] prevail on a claim of ineffective assistance of trial counsel, an appellant has to demonstrate that his or her attorney's performance was deficient, and that the deficiency caused such prejudice that there is a reasonable likelihood that, but for the attorney's error, the outcome at trial would have been different; in so doing, appellant must overcome the strong presumption that counsel's conduct fell within the range of reasonable professional conduct, which is broad. In its review, this Court gives deference to the trial court's factual findings, which are to be upheld unless clearly erroneous, and examines the lower court's legal conclusions de novo.

(Citations omitted.) *Dulcio v. State*, 292 Ga. 645, 649-650 (3) (740 SE2d 574) (2013). See also *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

(a) Marshall maintains that, had his attorney properly investigated the case, he would have uncovered the victim's admission that she and Marshall were not previously in a romantic relationship and her complaint against the responding police officer for sending an inappropriate text message. These contentions of ineffectiveness, however, were not raised in Marshall's motion for a new trial or at

3

the motion hearing, and thus are waived. *Whorton v. State*, 318 Ga. App. 885, 893 (4) (e) (735 SE2d 7) (2012).

(b) Marshall also maintains that trial counsel provided ineffective assistance for failing to request a continuance so that an investigator could appear at trial to testify on his behalf. But the investigator did not testify at the motion hearing, and Marshall's "testimony about what he thought the [witness's] testimony might have been was mere speculation and hearsay." *Felder v. State*, 286 Ga. App. 271, 277 (5) (a) (648 SE2d 753) (2007). Moreover,"[w]here, as here, the defendant fails to proffer the testimony of an uncalled witness, he cannot prove that there is a reasonable probability that the trial would have ended differently." (Citation omitted.) *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005). Accordingly, the trial court committed no error in concluding that trial counsel did not render ineffective assistance on this basis.

(c) Marshall also argues that trial counsel should have objected to the prosecutor's statements at sentencing regarding his prior arrests. He contends that the prosecutor's statements amounted to a denial of his constitutional rights, but Marshall does not recount the improper statements or describe how they affected his rights. At the sentencing hearing, the prosecutor stated that "this was [Marshall's] ninth arrest,"

4

and that although he did not have any felony convictions on his record, he had a 2007 arrest for domestic violence which the victim declined to prosecute.

At the motion hearing, appellate counsel "never asked defense counsel to explain why he did not object. Thus, [he] failed to overcome the strong presumption that the inaction was a strategic decision." *Goodman v. State*, 293 Ga. 80, 87 (9) (c) (742 SE2d 719) (2013). Moreover, even if the prosecutor's statements regarding the prior arrests were in any way improper, there was no evidence that the trial court considered the prior arrests in imposing its sentence. Marshall was sentenced to five years in confinement on the aggravated assault conviction, and five years of probation on the firearm conviction, to be served consecutively. He has not shown a reasonable probability that his sentence would have been different but for trial counsel's failure to object to the prosecutor's statements regarding his prior arrests. See *Wright v. State*, 265 Ga. App. 188, 191 (3) (b) (593 SE2d 391) (2004).

2. Marshall maintains that the trial court erred by failing to charge the jury on the elements of simple assault.

Because Marshall did not object to the jury charges at trial, we review his contention on appeal for "plain error." "The plain error test . . . authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction

likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings." (Citation omitted.) *Holloman v. State*, 293 Ga. 151, 152 (2) (744 SE2d 59) (2013). "On 'plain error' review, the presence of actual legal error is not enough, as the jury instruction in question must have an obvious defect rather than a merely arguable defect." (Citation omitted.) *Terry v. State*, 291 Ga. 508, 509 (2) (731 SE2d 669) (2012).

In this case, although unclear, Marshall seems to be arguing that the trial court should have charged the jury on the elements of simple assault as well as aggravated assault because the victim suffered no injury and "the jury would need to understand the substantive points or issues involved in the aggravated assault case."

Under OCGA § 16-5-20 (a), simple assault is defined as either an attempt to commit a violent injury to the person of another or the commission of an act which places another in reasonable apprehension of immediately receiving a violent injury. Under OCGA § 16-5-21 (a), a person can commit the offense of aggravated assault in several ways, one of them being to commit an assault with a deadly weapon. OCGA § 16-5-21 (a) (2). Marshall was indicted for aggravated assault for shooting at the victim with a handgun, a deadly weapon. The trial court charged the jury that

6

[a] person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. *To constitute such an assault,* actual injury to the victim need not be shown. *It is only necessary that the evidence show beyond a reasonable doubt that the defendant intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.* The State must prove as a material element of aggravated assault, as alleged in this case, that the assault was made with a deadly weapon. And I charge you that a firearm, when used as such, is a deadly weapon as a matter of law.

Thus, the trial court properly charged the jury with the applicable assault definition, which was an act that places another in reasonable apprehension of immediately receiving a violent injury. Absent an erroneous charge, Marshall has not established the existence of plain error.

3. Marshall contends that the evidence was insufficient to support his conviction.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence. Further, we neither resolve conflicts in the evidence nor assess witness credibility, but merely determine the legal sufficiency of the evidence. When an appellant challenges the sufficiency of the evidence to uphold [his] conviction, the relevant question is whether, after viewing the evidence in the light most

7

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Hines v. State*, 320 Ga. App. 854, 856 (1) (740 SE2d 786) (2013). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Marshall merely contends that there was "conflicting evidence as to whether the victim actually was assaulted or whether it was a struggle over a firearm pulled by the victim and resulting in the errant shot seen by the only eyewitness." This argument is without merit.

The victim testified that Marshall shot at her at least three times, and her neighbor testified that she saw "the young lady ... on the ground[,] and [Marshall] was [standing] over her." "The testimony of a single witness is generally sufficient to establish a fact." Former OCGA § 24-4-8 (2012).[1] Moreover, "it was the role of the jury, not this Court, to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Jackson v. State*, 316 Ga. App. 588, 590 (1) (730 SE2d 69) (2012). As long as some competent evidence, even though contradicted, supports each fact necessary to make

---

[1]Currently codified at OCGA § 24-14-8 (2013).

out the State's case, we will uphold the convictions. *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012).

Thus, in this case, the evidence was sufficient to authorize the jury to convict Marshall of aggravated assault and possession of a firearm during the commission of a felony.

4. Marshall's contention that the trial court erred in allowing the district attorney to recount his arrest record at sentencing is meritless. The prosecutor did not give a "lengthy diatribe" or address Marshall's prior arrest in "such detail" as he alleges. Marshall's former arrests were not discussed, other than to point out that the present case was his ninth arrest, that he was arrested in 2007 for domestic violence, and that the victim in that case did not want to pursue the charges.

As noted earlier, absent evidence showing otherwise, "we must apply the presumption that the judge considered only those matters which may be lawfully considered in determining a sentence." (Citation and punctuation omitted.) *Wright v. State*, 265 Ga. App. 188, 190 (2) (593 SE2d 391) (2004). Applying that presumption, we find no error.

*Judgment affirmed. Miller and Ray, JJ., concur.*