**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 24, 2014**

# In the Court of Appeals of Georgia

A14A0339. PERKINS v. THE STATE.

ANDREWS, Presiding Judge.

Scott Anthony Perkins was found guilty by a jury of multiple counts of aggravated child molestation, aggravated sodomy, and child molestation, plus one count of enticing a child for indecent purposes – all stemming from allegations that he committed these offenses against his two minor stepsons. On appeal from the judgment of conviction entered by the trial court, Perkins does not challenge the sufficiency of the evidence to support the convictions. Perkins seeks a new trial on the basis: (1) that his trial counsel was ineffective because counsel failed to investigate and raise the issue of his mental health and failed to request a jury charge on the issue of whether he was guilty but mentally ill; (2) that the trial court erred by failing to sua sponte order an evaluation of his mental health and charge the jury that

it could render a verdict of guilty but mentally ill; and (3) that the trial court erred by considering a pre-sentence report that was not made known to him before it was submitted to the trial court. For the following reasons, we find no reversible error and affirm.

1. To prevail on his claim of ineffective assistance,

> [Perkins] must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington,* 466 U. S. 668, 687 (III) (104 SC[t] 2052, 80 LE2d 674) (1984). To show that the performance of his [trial counsel] was deficient, [Perkins] must prove that [counsel] performed h[is] duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also *Kimmelman v. Morrison,* 477 U. S. 365, 381 (II) (C) (106 SC[t] 2574, 91 LE2d 305) (1986). And to show that he was prejudiced by the performance of his lawyer, [Perkins] must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U. S. at 694 (III) (B). See also *Williams v. Taylor,* 529 U. S. 362, 391 (III) (120 SC[t] 1495, 146 LE2d 389) (2000). This burden, though not impossible to carry, is a heavy one. See *Kimmelman,* 477 U. S. at 382 (II) (C).

*Arnold v. State*, 292 Ga. 268, 269-270 (737 SE2d 98) (2013).

Perkins did not assert as a defense at trial that he was not guilty because he was legally insane or otherwise mentally incompetent at the time of the charged offenses (see OCGA §§ 16-3-2; 16-3-3; *Perkins v. Hall*, 288 Ga. 810, 825 (708 SE2d 335)

2

(2011)), nor did he assert a special plea that he was mentally incompetent to stand trial (see OCGA § 17-7-130 (b)). The State produced testimony at trial from one of the minor victims that he was molested by Perkins; additional evidence that Perkins was guilty of the charged offenses in testimony (pursuant to former OCGA § 24-3-16) from the mother, father, and counselors of both victims as to statements made to them by the victims; and evidence of Perkins's own admission of guilt in a statement he gave to police. Perkins testified in his defense at trial and denied that he committed any of the charged acts.

Perkins seeks a new trial on the basis that trial counsel was ineffective because counsel failed to evaluate his mental health. He points out facts known to trial counsel that showed he had been diagnosed prior to the charged offenses with bipolar disorder; that after the offenses he told police he "need[ed] help"; and that he had an angry disposition and had been physically and verbally abusive toward the minor victims and his wife. On these facts, Perkins claims that, if counsel had raised and investigated evidence that he had a mental health issue, there was a reasonable probability that the result of the trial would have been different because: (1) he would have been entitled to a jury charge on the issue of whether he was guilty but mentally ill; (2) the jury would have reached a verdict of guilty but mentally ill rather than

guilty; and (3) on the basis of the guilty but mentally ill verdict, he would have been entitled under OCGA § 17-7-131 (g) (1) to be committed to a penal facility where he could receive treatment for his mental illness.

Under OCGA §17-7-131 (b) (1), in all felony cases "in which the defense of insanity is interposed," the jury (or the court in a bench trial) shall find whether the defendant is guilty, not guilty, not guilty by reason of insanity at the time of the crime, guilty but mentally ill at the time of the crime, or guilty but mentally retarded. Moreover,

> [i]n all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge shall instruct the jury that they may consider, in addition to verdicts of "guilty' and "not guilty," the additional verdicts of "not guilty by reason of insanity at the time of the crime," "guilty but mentally ill at the time of the crime," and "guilty but mentally retarded."

OCGA § 17-7-131 (c). Under OCGA § 17-7-131 (a) (2),

> "[m]entally ill" means having a disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life. However, the term "mental illness" shall not include a mental state manifested only by repeated unlawful or antisocial conduct.

4

Accordingly, mental illness less than legal insanity or incompetency at the time of the crime is not a defense to the crime. *State v. Abernathy*, 289 Ga. 603, 608-609 (715 SE2d 48) (2011). When a defendant is found guilty but mentally ill at the time of a felony, "the court shall sentence him or her in the same manner as a defendant found guilty of the offense. . . ." OCGA § 17-7-131 (g) (1). But in that case, the defendant "shall be committed to an appropriate penal facility and shall be evaluated then treated, if indicated, within the limits of state funds appropriated therefor, in such manner as is psychiatrically indicated for his or her mental illness. . . ." Id.

Under OCGA § 17-7-131, Perkins would have been entitled to a jury charge on whether he was guilty but mentally ill only if he asserted the defense that he was not guilty because he was legally insane or otherwise mentally incompetent at the time of the charged offenses. Accordingly, as to whether trial counsel's performance was deficient, the issue is whether counsel had information which required him to investigate and raise whether Perkins was sane at the time of the charged offenses.

> In a non-capital case, [as opposed to a death penalty case,] a decision to forego or curtail the investigation of the accused's mental health is not as likely to be unreasonable. Ordinarily, the lack of investigation into a previous mental hospitalization is reasonable when an expert has determined that the defendant is fit to stand trial or that he was sane at the time of the offense. In the absence of such determination, however, where a defense attorney has received information from a reliable source

5

that his client has had a history of psychiatric problems, but failed to adequately investigate this history, counsel failed to provide effective assistance.

*Martin v. Barrett*, 279 Ga. 593, 594 (619 SE2d 656) (2005) (punctuation and citations omitted). Here, there was no determination by any expert that Perkins was sane at the time of the offenses (or that he was fit to stand trial), and the record shows that trial counsel received reliable information during the course of the trial that Perkins had a history of mental illness in that he had been diagnosed as suffering from bipolar disorder. Despite this information, trial counsel made no effort to investigate Perkins's history of mental illness. Even assuming under these circumstances that counsel's failure to seek a psychological evaluation to determine if Perkins was sane at the time of the charged offenses was deficient performance, and that the trial court erred by finding to the contrary, Perkins failed to show prejudice by proving that, but for counsel's failure, there was a reasonable probability the result of the trial would have been different. *Strickland,* 466 U. S. at 694. Because Perkins produced no expert testimony at the motion for new trial showing that a psychological evaluation would have aided an insanity defense, his ineffective assistance claim rests on speculation and fails for lack of demonstrated prejudice. *Taylor v. State*, 298 Ga. App. 145, 148 (679 SE2d 371) (2009); *Devega v. State*, 286 Ga. 448, 450 (689 SE2d 293) (2010).

2. Perkins claims that the trial court erred by failing to sua sponte order a mental health evaluation and instruct the jury that it was entitled to reach a verdict that he was guilty but mentally ill.

As set forth above, under OCGA § 17-7-131, Perkins would have been entitled to a jury charge on the issue of whether he was guilty but mentally ill only where the defense was interposed that he was not guilty by reason of being insane or otherwise mentally incompetent at the time of the charged offenses. Perkins did not raise this defense at trial, and in division 1, supra, we addressed his claim that trial counsel was ineffective for failing to seek a mental health evaluation to determine whether there was a basis for him to assert an insanity defense. Where evidence of a defendant's incompetency comes to the trial court's attention, the court is required to conduct a sua sponte investigation into the defendant's competency to stand trial (*Jackson v. State*, 294 Ga. 431, 434 (754 SE2d 322) (2014)), but for a defendant competent to stand trial, there is no requirement that the trial court sua sponte investigate or raise the defense of insanity (or other mental incompetency) at the time of the charged offense. *Holsey v. State*, 322 Ga. App. 425, 428 (746 SE2d 133) (2013). Contrary to Perkins's claim, *Ake v. Oklahoma*, 470 U. S. 68, 83 (105 SCt 1087, 84 LE2d 53) (1985), did not require the trial court to sua sponte investigate or raise an insanity

7

defense on his behalf. In *Ake*, the indigent defendant: (1) requested that the trial court arrange to have him examined by a psychiatrist to determine his sanity at the time of the charged offense, or (2) in the alternative, petitioned the court for funds to hire his own psychiatrist. *Lindsey v. State*, 254 Ga. 444, 447 (330 SE2d 563) (1985) (explaining the holding in *Ake*). On those facts, *Ake* held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake*, 470 U. S. at 83. Perkins made no request, motion, or other affirmative attempt to demonstrate to the trial court that he had an insanity defense, and *Ake* does not establish a requirement for the trial court to act sua sponte under these circumstances. Although a trial court may exercise inherent authority to "[appoint] experts to testify as to the defendant's mental capacity at the time of the alleged crimes" (*Presnell v. State*, 241 Ga. 49, 57 (243 SE2d 496) (1978), rev'd in part on other grounds, 439 U. S. 14 (1978)), there is no requirement that the court do so sua sponte. The trial court did not err by failing to sua sponte order that Perkins submit to a mental health evaluation to determine his

sanity, or by failing to instruct the jury that it was entitled to reach a verdict of guilty but mentally ill.

3. Perkins claims that the trial court erred by considering aggravating circumstances in a pre-sentence report because the report was not made known to him before it was submitted to the trial court for the sentencing hearing. See *Geyer v. State*, 289 Ga. App. 492, 493-494 (657 SE2d 878) (2008). The State disputes Perkins's claim, and the record is unclear. But even assuming that Perkins was not given the report before the sentencing hearing, in the absence of any objection at the hearing to use of the report, this claim was waived. *Eddleman v. State*, 247 Ga. App. 753, 754 (545 SE2d 122) (2001).

*Judgment affirmed. McFadden and Ray, JJ., concur*.

9