*Attorneys,* for appellee.

## 57812. ROBINSON v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for theft by taking, contending that the evidence was insufficient to support the jury's verdict.

The indictment charged the defendant with taking "116 rolls of tarred No. 15 felt tape, 7 squares of asphalt shingles and two 5-gallon buckets of roofing glue, property of Olin Mathews, d/b/a Johnson and Mathews Roofing and Sheet Metal, Inc., of a value of in excess of $200.00 . . ." Mr. Mathews testified at trial that during the four months prior to July 8, 1978, an estimated 140 rolls of roofing felt, 12 squares of shingles, and two buckets of roofing glue disappeared from his business premises. The quantity of materials specified in the indictment was discovered in the possession of Robert Todd on July 7, 1978, and was returned to Mathews. Todd testified that he had purchased these supplies from the defendant over the course of the previous month.

Of the property returned to him from Todd's possession, Mathews was able to identify positively only five rolls of felt roofing as belonging to him. He could identify these because he had marked the inside of them with chalk before they were stolen. However, he stated that the remainder of the items were of the same brand as those stolen from him and that they had the same appearance. He also stated that his was the only business in the area that sold the particular types of felt roofing and glue involved. Other evidence was introduced which indicated that the defendant lived at an address very close to Mathews' roofing company and that labels from the stolen felt rolls were found scattered along a path leading from the company premises to that address. In front of the defendant's address, marks were found in the dirt similar to the marks made when a roll of roofing felt is placed on the ground and rolled on end. The defendant did not offer any explanation as to how he came into possession of the

materials which he sold to Todd. *Held:*

The jury was authorized to conclude from the above evidence that the property which the defendant sold to Todd was the same property stolen from Mathews. Evidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking. *Selph v. State,* 142 Ga. App. 26 (234 SE2d 831) (1977); *Higginbotham v. State,* 124 Ga. App. 489 (184 SE2d 231) (1971). It was not error to deny the defendant's motion for directed verdict of acquittal.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED JUNE 7, 1979.

*G. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.