## 60840. BROWN v. THE STATE.

CARLEY, Judge.

Appellant was convicted by a jury of burglary and theft by taking. From the denial of his motion for new trial, appellant appeals.

Testimony showed that the thefts occurred on two different dates and that the property was taken from two separate buildings located on the same tract of land. One of the structures broken into was an older home and the other was an unfinished new house. On September 6, 1977, a pipe threading machine was taken from the unfinished house. On September 30, 1977, a substantial quantity of treated lumber was taken from the unfinished house, and on the same date the older home was broken into and a Rockwell jointer and band saw were taken.

The items reported stolen in September of 1977 were recovered

on or about January 12, 1979. The pipe threading machine and part of the lumber were discovered in a small building located behind the home of appellant. The remaining portion of the stolen lumber was found in the possession of an individual who testified that he purchased the lumber from appellant. The Rockwell jointer and band saw were discovered in the possession of another individual who produced a receipt dated July 10, 1978, indicating that he had purchased these pieces of equipment from appellant for a total price of $90.00. All of the goods recovered were positively identified as the items listed as stolen in the indictments.

Between January 12, 1979 and January 14, 1979, appellant gave six statements to different investigating officers explaining how he came into possession of the goods. With the exception of identifying the individual from whom appellant reportedly purchased the goods, each statement conflicted with other statements previously given or with statements given at a later time. In at least two of the statements, appellant said that he purchased the goods at a time which would have been some months before the items were even stolen. The appellant did not testify at trial, but his statements were allowed in evidence.

1. In enumerations of error 1 and 2 appellant contends the trial court erred in overruling his motions for new trial which were based on the general grounds.

"The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict." *Selph v. State,* 142 Ga. App. 26, 28 (234 SE2d 831) (1977). "What would be a recent possession is in all cases a question for the jury, to be determined very largely from the character and nature of the property stolen." *Cuthbert v. State,* 3 Ga. App. 600, 604 (60 SE 322) (1907). Likewise, whether or not a defendant's explanation of his possession of the stolen property was satisfactory or reasonable is a question for the jury. *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582) (1974).

In the instant case, the record shows an unauthorized entry into the dwelling containing the Rockwell jointer and band saw by an unknown person, entry being obtained by breaking the locked front door. The property recovered in the small structure behind appellant's house as well as the items sold by appellant were identified by the true owner as being the stolen property. The appellant by his own statements to the investigating officers placed himself in possession of the stolen property within the same year the property was stolen. This evidence was sufficient to support a

conviction for burglary and theft by taking. *Wells v. State,* 151 Ga. App. 416 (1) (260 SE2d 374) (1979); *Rutledge v. State,* 142 Ga. App. 399 (1) (236 SE2d 143) (1977); *Robinson v. State,* 150 Ga. App. 261 (257 SE2d 352) (1979); *Callahan v. State,* 148 Ga. App. 555 (4) (251 SE2d 790) (1978). Accordingly, the trial court did not err in overruling appellant's motion for new trial. *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303) (1976).

2. The victim of the alleged burglary and thefts by taking testified that the property was taken from his premises located in Glascock County. This testimony was sufficient to establish venue in that county. Code Ann. § 26-302; *Bell v. State,* 123 Ga. App. 739 (182 SE2d 344) (1971).

3. Appellant asserts as error the failure of the trial court to charge the jury, without request, on the law of recent possession of stolen property. However, appellant concedes that the trial court correctly charged the law as to credibility of witnesses, burden of proof, circumstantial and direct evidence, specific intent, and reasonable doubt.

"[T]hough present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. [1968], pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.]" *Hardin v. State,* 141 Ga. App. 115, 116-117 (232 SE2d 631) (1977). As the court correctly charged the jury on the rules of law governing proof by circumstantial evidence and gave instructions on the proper degree of proof necessary to sustain a conviction on such evidence, we find that the enumeration relating to the trial court's failure to give an unrequested charge on the law on recent possession of stolen property is without merit. See *Martin v. State,* 193 Ga. 824 (1a) (20 SE2d 266) (1942); *Reynolds v. State,* 170 Ga. 810 (2) (154 SE 229) (1930).

4. Appellant asserts that the trial court erred in denying his motions for mistrials, which were made on the grounds that the state, in violation of Code Ann. § 38-415, had impermissibly commented on the appellant's failure to testify.

During closing argument, the assistant district attorney argued to the jury as follows: "If [the allegedly stolen goods were] delivered to [appellant's] house, then why didn't he produce some evidence up here on the stand at that time? Why didn't his wife take the stand and ..." At this point the motion for mistrial was made and overruled by

the trial court. The trial court instructed the jury to "give no consideration, whatsoever, to the last comments of [the assistant district attorney] during the course of his argument."

"[I]t is not error for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. [Cit.]" *Simmons v. State,* 149 Ga. App. 830, 833 (256 SE2d 79) (1979). See also *White v. State,* 242 Ga. 21 (5) (247 SE2d 759) (1978). However, assuming arguendo that the assistant district attorney's argument was erroneous and unwarranted, the denial of the motion for mistrial was not an abuse of discretion in view of the trial court's immediate curative action. *Lingerfelt v. State,* 238 Ga. 355 (5) (233 SE2d 356) (1977); *Campbell v. State,* 143 Ga. App. 445 (238 SE2d 576) (1977). Thus, this enumeration is also without merit.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 23, 1981 —
REHEARING DENIED FEBRUARY 11, 1981 —

*Walton Hardin,* for appellant.
*Kenneth E. Goolsby, District Attorney, Dennis Sanders, Assistant District Attorney,* for appellee.