A07A1157. McINTOSH v. THE STATE.
(651 SE2d 207)

MIKELL, Judge.

Robert Leslie McIntosh was jointly indicted with a co-defendant on April 10, 2006, for one count of forgery in the first degree and seven counts of identity fraud. He entered a non-negotiated guilty plea to all counts on October 4, 2006, and was sentenced to ten years to serve on the forgery count, five consecutive years on probation on the first count of identity fraud, and ten years to serve on each remaining count, to be served concurrently with the sentence on forgery.[1] In a single enumeration of error, McIntosh argues that his sentence should be reversed and remanded because when the trial court imposed the sentence, it impermissibly considered a plea of nolo contendere to DUI, pending charges in another county, and the prosecutor's statement concerning the guilty pleas by other members of the criminal enterprise of which McIntosh was the mastermind. We disagree and affirm.

---

[1] The prosecutor recommended that the court sentence him to 20 years to serve 12.

"There is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety."[2] McIntosh has not sustained this burden.

At the outset, it is essential to relate the factual basis for the plea, as ascertained by the court in compliance with Uniform Superior Court Rule 33.9.[3] According to McIntosh's testimony and the prosecutor's statement at the hearing, McIntosh was the mastermind behind a "mailbox ring" in Forsyth and Dawson counties. He removed outgoing mail from individual mailboxes, took checks payable to various entities out of that mail and "washed" the checks with a solvent, thus removing the name of the payee and the amount, then made the checks out to different payees, and had those payees cash the checks. The prosecutor stated that the evidence would show that McIntosh recruited women who were addicted to methamphetamine to cash checks for him in order to obtain drugs; that the women got caught and pleaded guilty; that many of them testified that they left their husbands for McIntosh and the drugs; and that the women thought McIntosh loved them. The court accepted the plea and proceeded to sentencing.

During sentencing, the court inquired as to McIntosh's criminal history, and his counsel replied that he had none. The prosecutor then stated, "I have a nolo to DUI in 1994. And then I've got similar charges pending in, I think, Dawson County, as well. But no felonies, no sir." Prior to pronouncing sentence, the court stated that it appreciated that McIntosh was a first offender, and that normally, first offender forgery would warrant probation. But taking into account the extent of the criminal enterprise, and the victimization of the community, the court felt it necessary to impose prison time. Specifically, the court stated:

> It shouldn't be that law abiding citizens can't . . . put their mail in their mailbox and raise their flag for the postman. . . . That shouldn't be. But I'm certainly not going to do it. And I don't know anybody else in this courtroom who is going to do it. . . . [Y]ou have violated the trust of this whole community, and I can't ignore that fact in sentencing. This is . . . one of those cases where a message needs to be sent.

---

[2] (Punctuation and footnote omitted.) *Wright v. State*, 265 Ga. App. 188, 189 (1) (593 SE2d 391) (2004).

[3] See *State v. Evans*, 265 Ga. 332, 334 (2) (454 SE2d 468) (1995).

The judge then sentenced McIntosh. Absent evidence that the trial court relied on improper evidence in imposing sentence, we must apply the presumption that the judge "considered only those matters which may be lawfully considered in determining a sentence."[4]

Contrary to McIntosh's argument, the trial court may consider a plea of nolo contendere in aggravation of punishment.[5] Further, even if the plea was not properly introduced in evidence in the case at bar, the court gave no indication that it was influenced by it. Second, although a pending indictment may not be considered in imposing sentence,[6] there is likewise no evidence to support McIntosh's contention that the court did so. Rather, the transcript reveals that the court considered only the crimes with which McIntosh was charged and their effect upon the community.

Furthermore, to the extent that McIntosh complains of hearsay statements made during the plea hearing by the prosecutor concerning women who pleaded guilty, his claim is without merit. A trial court may "glean the factual basis for a plea from facts put on the record at the guilty plea hearing, such as through the trial court questioning the defendant or through the prosecutor stating what [s]he expected the evidence to show at trial."[7] To the extent that McIntosh asserts that the trial court considered similar statements by the prosecutor during sentencing, "[t]here is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision."[8] In the case at bar, there is no evidence that the trial judge considered improper matters in imposing sentence.

Finally, McIntosh contends that the trial court impermissibly considered the prosecutor's statement that every other participant in the criminal enterprise who had pleaded guilty received jail time and that one participant had been sentenced to 15 years to serve. McIntosh complains that the state did not notify him of its intent to use such evidence in aggravation of punishment, as required by former

---

[4] (Punctuation and footnote omitted.) *Wright*, supra at 190 (2). Accord *Jones v. State*, 265 Ga. App. 251, 254 (2) (593 SE2d 720) (2004).

[5] OCGA § 17-10-2 (a) (1). See *Blackmon v. State*, 266 Ga. App. 877, 878 (598 SE2d 542) (2004); *Sailor v. State*, 265 Ga. App. 645, 650 (4) (595 SE2d 335) (2004) ("There is no dispute that the trial judge is permitted to consider nolo contendere pleas of a defendant as evidence in aggravation of punishment") (footnote omitted). But see *Gilbert v. State*, 245 Ga. App. 544, 545 (2) (538 SE2d 104) (2000) (OCGA § 17-10-2 does not apply to sentencing following a guilty plea).

[6] *Jenkins v. State*, 235 Ga. App. 547, 550 (3) (c) (510 SE2d 87) (1998).

[7] *Evans*, supra at 334-335 (2). Accord *Foster v. State*, 281 Ga. App. 584 (1) (636 SE2d 759) (2006).

[8] (Punctuation and footnote omitted.) *Wright*, supra.

OCGA § 17-10-2 (a). This argument fails, because the notice requirement was deleted from the statute effective July 1, 2005,[9] prior to the hearing in this case, and in any event, the statute "does not reach sentencing following guilty pleas."[10]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 17, 2007.

*McFarland & McFarland, Robert P. McFarland, Jr.*, for appellant.

*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[9] See OCGA § 17-10-2 (a) (1); Ga. L. 2005, Act 8, § 11.
[10] *Gilbert*, supra.