300 Ga. 446
FINAL COPY

S16A1530. BROWN v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Ramel Brown appeals his convictions for murder

and related crimes.[1] Though Brown was tried and found guilty for criminal street

gang activity as well, the trial court granted Brown's motion for new trial solely

---

[1] On February 26, 2013, Brown was indicted for criminal street gang activity, malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Following a jury trial, Brown was found guilty on all counts. Brown was thereafter sentenced to life imprisonment for malice murder and 15 consecutive years for criminal street gang activity. In addition, Brown was given a five-year suspended sentence for possession of a firearm during the commission of a felony and a fifteen-year sentence for possession of a firearm by a convicted felon. The verdicts for felony murder were vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining counts were merged for purposes of sentencing. On April 1, 2014, Brown timely filed a motion for new trial, which he amended on January 21, 2015. On July 15, 2015, the trial court granted the motion for new trial only with regard to the conviction for criminal gang activity and denied the motion for new trial with regard to all other convictions. On September 22, 2015, the State chose to nolle prosse the charge of criminal gang activity rather than pursue further proceedings on that single count of the indictment. On November 16, 2015, the trial court granted a motion for out-of-time appeal filed by Brown, Brown thereafter filed a notice of appeal, and his case was docketed in this Court to the September 2016 term. Brown has submitted his appeal for decision on the briefs.

on that count, finding that evidence used to prove that crime at trial was not properly authenticated. The trial court, however, denied Brown's motion for new trial as to the remaining convictions. Brown now contends that the introduction of the improperly-authenticated evidence at trial requires a reversal of all his convictions. For the reasons set forth below, we disagree and affirm the judgment of the trial court.

1. In the light most favorable to the verdict, the record shows that Curtis "CJ" Jordan was associated with the Bloods gang. On the early afternoon of September 21, 2012, Timothy "Poo" Little, who was also a member of the Bloods and was wearing a red bandana, taunted a group of men that included Lavoris Jackson,[2] who was wearing a blue or purple bandana, indicative of being in a gang other than the Bloods. Jordan, who was also wearing a red bandana, was riding a bicycle nearby. Jazmayne Florence, an eyewitness, testified that Little taunted Jackson and his companions about the blue bandana, and Jordan smiled and laughed at Little's comments.

Later that evening, Gary Ferrell saw four men in the apartment complex

---

[2] Jackson and Brown were jointly tried as co-defendants.

where the taunting had occurred. Ferrell recognized Brown holding a shotgun and Jackson holding a handgun. There was no confrontation at the time of this initial sighting, but, as Jordan and others walked back through the apartment complex later, the four men were waiting. Brown and Jackson began shooting. Jordan was struck by rounds from both the shotgun and the handgun, and he died from the wounds.[3] At trial, the State presented three eyewitnesses to the shooting. All three identified Brown as the individual holding a shotgun, and two of the three saw Brown shoot Jordan with that shotgun.

This evidence was sufficient to enable the jury to find Brown guilty of the crimes for which he stands convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Brown contends that the admission of unauthenticated evidence during trial to support the charge against him of criminal gang activity requires the reversal of all of his convictions. We disagree.

At trial, the State called Officer Kimberly Underwood, a City of Atlanta Gang Investigator. Underwood was accepted by the trial court as an expert in

---

[3] The medical examiner testified that one of Jordan's shotgun wounds ultimately caused his death.

criminal street gangs and gang activity. Underwood testified about a street gang known as Young Choppa Fam ("YCF"), a group she investigated in relation to this case. Underwood stated that she believed that Brown and Jackson were members of YCF.

To support Underwood's testimony, the State presented the following exhibits, which were allowed into evidence: (1) a cropped screenshot from a YouTube video containing an image of Brown; (2) a Facebook page image of two unidentified males, one of whom is wearing a white t-shirt that spells out in blue letters "DEM Y.C.F. DA FAM" and who is making a gang symbol for Crips; (3) an image of two men — an unidentified male and Jackson; (4) a copy of a photograph downloaded from a Twitter account that depicts three individuals — an unidentified male, Brown (who appears to be on a red cell phone), and Jackson (who is wearing a blue bandana on his head); (5) a Facebook photograph depicting an unidentified male wearing a black sweatshirt that spells in orange letters "365 YOUNG CHOPPA FAM"; (6) a Facebook photograph showing a black sweatshirt that spells in orange letters "365 YOUNG CHOPPA FAM DA HAMP"; (7) a Facebook photograph of an unidentified male wearing a white t-shirt with the words "FREE CHUCK" on

4

the front (Chuck is one of Brown's nicknames); (8) a Facebook photograph showing the back side of the same t-shirt which spells out "YOUNG CHOPPA FAM, AIN'T NO TRADN IN DIS BI**H!!!" All of these exhibits were introduced through the testimony of Underwood, who explained that she found them by searching the Internet.

In its order on Brown's motion for new trial, the trial court held that these exhibits had not been properly authenticated, and, for that reason, it granted the motion for new trial only with respect to the count of criminal gang activity. The trial court further found that the admission of this evidence did not affect Brown's remaining convictions. This ruling was proper. Assuming without deciding that the trial court properly found that the State's exhibits listed above were improperly admitted, those exhibits were not ultimately harmful to Brown on the counts of murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, as the evidence supporting those crimes was overwhelming. Multiple eyewitnesses saw Brown at the scene of Jordan's murder, three eyewitnesses saw him holding a shotgun, and two eyewitnesses, who knew Brown well, saw him shoot Jordan. The exhibits supporting the count of

5

criminal gang activity had no bearing on this overwhelming evidence that Brown murdered Jordan. "Considering the trial record as a whole, we conclude that it is highly probable that any erroneous evidentiary ruling by the trial court with regard to [Brown's criminal gang activity] did not contribute to the jury's verdict." (Citations omitted.) Smith v. State, 299 Ga. 424, 432-433 (2) (d) (788 SE2d 433) (2016) (explaining that OCGA § 24-1-103 (a) of the new Evidence Code continues the preexisting harmless error doctrine in Georgia). As such, Brown's contention that his remaining convictions must be reversed has no merit. Id.

3. Brown argues that the trial court erred by admitting into evidence his prior conviction for criminal street gang activity. We disagree.

During trial, the trial court admitted Brown's prior conviction, based on a guilty plea, for participation in criminal street gang activity, aggravated assault, influencing a witness, and obstruction. The conviction was admitted pursuant to former OCGA § 16-15-9,[4] which provided:

---

[4] An amended version of this statute went into effect on May 3, 2016.

6

The commission of any offense enumerated in paragraph (1) of Code Section 16-15-3 [dealing with criminal gang activity] by any member or associate of a criminal street gang shall be admissible in any trial or proceeding for the purpose of proving the existence of the criminal street gang and criminal gang activity.

The prior conviction, according to the plea, involved a jailhouse brawl between Brown and two other inmates. The Fulton County jail report from the 2011 incident indicated that the victim complained that Brown and another inmate beat him because he was intending to testify against another gang member who was a member of a gang called "30-Deep." After admission of this evidence, the trial court instructed the jury that it could only be considered for the determination of whether Brown was currently guilty of criminal gang activity — *not* the remaining counts of the indictment.

At trial and on appeal, Brown raised several arguments that the 2011 conviction was inappropriately allowed into evidence in support of the State's case against him for criminal gang activity as a member of YCF. As Brown was granted a motion for new trial on the count of criminal gang activity, and the

State has now nolle prossed that claim, his contentions with regard to that count of the indictment are moot. To the extent that Brown's arguments can be considered to raise the contention that the introduction of the prior conviction affected the other charges for which he was found guilty, those arguments fail. The jury was properly instructed that it could only consider the prior conviction for the count of criminal gang activity, and we must presume that the jury followed this instruction. See Dennis v. State, 263 Ga. 257, 258 (2) (430 SE2d 742) (1993). There is no evidence that the jury did not do so. Moreover, as discussed above, the evidence of Brown's guilt for the crimes of which he was convicted was overwhelming.

Judgment affirmed. All the Justices concur.

Decided January 23, 2017.

Murder. Fulton Superior Court. Before Judge Goger.

Brock Law, Chaunda Brock, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Arthur C. Walton, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General,

for appellee.