[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11627
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00392-JDW-JSS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY J. MARTIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Terry Martin pleaded guilty to being a felon in possession of a firearm and

was sentenced to 48 months in prison.  He appeals from that sentence, contending that the district court erred in calculating his base offense level under the United States Sentencing Guidelines.  He argues that his earlier Florida conviction for felony fleeing to elude should not have counted as a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A).

This Court has already held that a conviction for felony fleeing to elude under Fla. Stat. § 316.1935(2) qualified as a violent felony under the residual clause of the Armed Career Criminal Act.  United States v. Petite, 703 F.3d 1290 (11th Cir. 2013).  As we have explained in the past, "[i]n determining whether a conviction is a crime of violence under U.S.S.G. § 4B1.2, we also rely on cases interpreting the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), because the § 4B1.2 definition of 'crime of violence' and [the] ACCA's definition of 'violent felony' are substantially the same."  United States v. Chitwood, 676 F.3d 971, 975 n.2 (11th Cir. 2012).  And § 2K2.1(a)(4)(A) directs district courts to look to § 4B1.2 to find the definition of "crime of violence" as used in that section.  U.S.S.G. § 2K2.1 cmt. n.1 (2015).  So it follows that an offense that is a violent felony under the ACCA is a crime of violence under § 2K2.1.

Of course, as Martin points out in his brief, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague.  Johnson v. United

States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Martin argues that Johnson means that the residual clause of the sentencing guideline's definition of "crime of violence" is also unconstitutionally vague.  But the Supreme Court has rejected that argument since Martin filed his brief with this Court.  Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017).  As a result, Martin's conviction for felony fleeing to elude remained a crime of violence under the guidelines at the time he was sentenced.

Martin also contends that, because the Sentencing Commission has now amended the guidelines by removing the residual clause from the guidelines' definition of "crime of violence," U.S.S.G. App. C amt. 798 (2016), his conviction for felony fleeing to elude can no longer be used to increase his base offense level. But that Amendment had not yet become effective at the time Martin was sentenced.  Id.  And we typically apply the guidelines as they stood at the time a defendant was sentenced, not as they stand at the time we decide his appeal. United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011).  We make an exception to that rule for clarifying amendments, id., but removing the residual clause was plainly not a mere clarification of the guidelines — it eliminated an entire class of offenses from the definition of "crime of violence."

For all those reasons, the district court did not err by counting Martin's earlier Florida conviction for felony fleeing to elude as a crime of violence.

3

**AFFIRMED.**