[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15802
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20577-KMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVIE JULIAN RODRIGUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 5, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Davie Rodriguez was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1). He was tried, convicted, and sentenced. After sentencing, a Florida state conviction that was both introduced at Rodriguez's trial and used to enhance his sentence was *nolle prossed*, so this Court remanded for resentencing. On remand, Rodriguez moved for a new trial based on the *nolle prose*, but the district court denied the motion and sentenced Rodriguez to 78 months' imprisonment. We consider two issues that Rodriguez raises on appeal. First, he challenges the district court's decision to admit evidence of his Florida conviction at trial. Second, he argues the district court erred in denying his motion for a new trial based on that conviction having been *nolle prossed*. After careful review, we conclude that neither of the district court's rulings was error. Rodriguez raises four other challenges to his conviction and sentence, but each of these challenges is foreclosed either by precedent[1] or because he raised it for the first time in his reply brief.[2] *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a

---

[1] Rodriguez first argues that his possession of a firearm did not substantially affect interstate commerce. But we have rejected this argument because the statute contains a jurisdictional element that the government proved in this case. *See United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996). Second, he contends that the district court erred in applying the "crime of violence" definition contained in the Sentencing Guidelines because a recent amendment deleting that provision should be applied retroactively. We have recently rejected this argument as well. *See United States v. Martin*, 864 F.3d 1281, 1283 (11th Cir. 2017).

[2] In his reply brief, Rodriguez argues for the first time that his Florida convictions for strong arm robbery and burglary of an unoccupied dwelling did not qualify as crimes of violence under the Sentencing Guidelines.

2

reply brief are not properly before a reviewing court." (internal quotation marks omitted)).  We therefore affirm.

## I.    BACKGROUND

Officers of the Miami-Dade Police Department ("MDPD") pulled over and arrested Rodriguez for reckless driving.  An arresting officer testified that during the arrest Rodriguez spontaneously commented that he knew the officers were part of the gang unit because of the cars they were driving.  After the arrest, the same officer noticed a firearm, later determined to be loaded, on the rear passenger floorboard of Rodriguez's vehicle on top of a piece of paper with Rodriguez's name printed on it.  Upon checking Rodriguez's record, the officers discovered that he was a convicted felon and forbidden to possess a firearm and ammunition under 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Prior to his trial for possession of a loaded firearm, Rodriguez filed a motion *in limine* to exclude under Federal Rule of Evidence 404(b) evidence of a prior Florida state conviction for felon-in-possession of a loaded firearm and statements he made to police officers in relation to his prior arrest, claiming that they were likely to prejudice the jury against him. The district court denied his motion, determining that the evidence, testimony from MDPD Detective Franco Cugge who had investigated Rodriguez's prior case, met the admissibility requirements of Rule 404(b) and that its probative value was not substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

3

Cugge testified that during recorded statements Rodriguez made to him regarding the prior felon-in-possession conviction, Rodriguez said that "he went to his vehicle, he opened the trunk, he armed himself with a firearm, and possessed it." Trial Transcript, Doc. 108 at 122.[3]  Still, the district court delivered a cautionary jury instruction to ensure that the evidence of Rodriguez's prior conviction was used only to demonstrate that he had the knowledge and intent to commit the particular crime and not as proof of his character.

After his conviction on January 13, 2015, Rodriguez filed under Federal Rule of Criminal Procedure Rule 33 a motion for a new trial based on newly discovered evidence that his prior state felon-in-possession conviction had been *nolle prossed*.  The district court denied his motion for a new trial, stating that this evidence did not meet all of the criteria to warrant a new trial, particularly that the evidence be such that a new trial would probably produce a different result.  The district court also found an acquittal unlikely given other incriminating evidence the government presented against Rodriguez.  This is his appeal.

## II.    LEGAL STANDARDS

This Court reviews the district court's evidentiary rulings for an abuse of discretion.  *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).  We likewise review a district court's denial of a motion for a new trial under Federal

---

[3] "Doc." refers to the numbered entry on the district court's docket in this case.

4

Rule of Criminal Procedure 33 for an abuse of discretion. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). When employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment or has applied the wrong legal standard. *United States v. DuBose*, 598 F.3d 726, 731 (11th Cir. 2010).

### III.    DISCUSSION

**A.    The District Court Did Not Abuse Its Discretion in Admitting Evidence of Rodriguez's Prior Conviction.**

The district court did not abuse its discretion in admitting the evidence of Rodriguez's prior conviction because that evidence was relevant to proving Rodriguez's knowledge that he possessed the firearm police found in his vehicle. Rodriguez was willing to concede the fact of his prior felony conviction, so the conviction need not have been admitted to prove that he was a felon. But he disputed the government's contention in the present case that he knew the firearm was in the vehicle. The district court therefore admitted evidence of Rodriguez's prior conviction offered by the government to prove Rodriguez's knowledge of the presence of the firearm when committing the same crime a second time. Rodriguez argues that the district court erred in admitting his prior conviction because the government used the conviction to impugn Rodriguez's character. Rodriguez claims that the probative value of this evidence was substantially outweighed by its undue prejudice. We disagree because the evidence was

5

admissible under Federal Rule of Evidence 404(b).  But even assuming

Rodriguez's prior conviction was admitted in error, that error was harmless in light

of the other substantial evidence of guilt the government introduced at trial.

Evidence of a past crime is inadmissible when it is used to prove a person's

character to show that the person acted in conformity with that character on a

particular occasion.  Fed. R. Evid. 404(b)(1); *see also Loper v. Beto*, 405 U.S. 473,

483 (1972).  However, evidence of a crime may be admissible for another purpose

under Rule 404(b)(2), such as proving motive, intent, or knowledge.  Fed. R. Evid.

404(b)(2).

In this circuit, a court determines the admissibility of Rule 404(b) evidence

by applying the three-part-test we set forth in *United States v. Jernigan*, 341 F.3d

1273, 1280 (11th Cir. 2003):

> First, the evidence must be relevant to an issue other than the
> defendant's character.  Second, as part of the relevance analysis, there
> must be sufficient proof so that a jury could find that the defendant
> committed the extrinsic act.   Third, the evidence must possess
> probative value that is not substantially outweighed by its undue
> prejudice, and the evidence must meet the other requirements of Rule
> 403.

*Id.* (internal quotation marks omitted).  Under Rule 403, a court may nevertheless

exclude relevant evidence if its probative value is substantially outweighed by

danger of unfair prejudice, confusing the issues, misleading the jury, undue delay,

6

wasting time, and/or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Here, the district court properly admitted evidence of Rodriguez's Florida conviction under Rule 404(b).  First, Rodriguez's state conviction was relevant to proving his knowledge of the crime because in both cases Rodriguez was charged with felony possession of a firearm.  *See Jernigan*, 341 F.3d at 1277 (holding evidence of prior offenses admissible to establish knowledge that weapon was present because all offenses involved knowing possession of firearm).  Second, Rodriguez stipulated to the existence of his state conviction, which provided sufficient proof for the jury to find that he committed that offense.[4]  Third, the fact that Rodriguez's prior conviction was later vacated does not, as Rodriguez argues, compel the conclusion that evidence of the offense conduct leading to that conviction was more prejudicial than probative.  Courts frequently admit evidence of relevant offense conduct even when a defendant has been acquitted of or never charged in connection with that offense.  For instance, in *Dowling v. United States*, 493 U.S. 342, 352-53 (1990), a bank robbery case, the Supreme Court held that the admission of testimony about a home invasion of which the defendant was

---

[4] The district court acknowledged that because of this stipulation, the Government would not have to offer evidence of Rodriguez's prior conviction to prove that he was a felon ineligible to possess a firearm.  But evidence of that prior offense was still relevant to his knowledge of the current offense.

acquitted did not violate the "fundamental fairness" test of due process, particularly due to the trial judge's limiting instructions.

Rodriguez relies heavily on *Loper v. Beto*, in which the Supreme Court overturned a district court's admission of testimony from Loper about his criminal history because the prosecution used Loper's damaging statements to impeach his credibility, but *Loper* is distinguishable.  405 U.S. at 474.  Here, the district court admitted the evidence of Rodriguez's prior conviction to prove his knowledge of the crime, given his prior conviction for the same crime.  By contrast, the testimony in *Loper* was admitted for the sole purpose of impeaching the defendant's credibility.  *Id*.  Also, here, in an effort to mitigate the potentially prejudicial nature of Rodriguez's prior conviction, the district court delivered a limiting instruction to ensure that the jury considered Cugge's testimony only for the purpose of establishing Rodriguez's knowledge of the crime—not to impeach his character.  We presume that juries follow the instructions given to them by the court.  *See United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993).  In addition, the government deemphasized the evidence by redacting all but one of Rodriguez's five prior charges and by reiterating that the admitted charge was not intended to prove his guilt by impeaching his character, but only to prove that he "knows what a gun looks like."  Trial Transcript, Doc. 108 at 154.  The district court therefore

did not abuse its discretion in admitting evidence of Rodriguez's prior state conviction.

Moreover, any error in admitting evidence of Rodriguez's prior conviction was harmless. Improper admission of evidence merits a reversal only if the error resulted in prejudice against the party because the evidence had a "substantial and injurious effect or influence" in determining the jury's verdict. *See United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010) (internal quotation marks omitted). Evidence admitted in violation of Rule 404(b) is considered to be harmless error where there is other substantial evidence of the defendant's guilt. *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

Rodriguez contends that the district court's admission of his prior state conviction was "very powerful" and that a new trial "would have probably produced an acquittal." Appellant's Br. at 18. Although evidence of a prior conviction under the same circumstances may have strengthened the government's case against Rodriguez, in this instance there was substantial other evidence to prove his knowledge of the circumstances surrounding his possession of the firearm. Three officer witnesses testified regarding Rodriguez's reckless and evasive driving, as well as his knowledge that the officers belonged to a gang unit. The firearm was within Rodriguez's reach in the vehicle, and DNA testing of the firearm revealed that that Rodriguez was more likely to have handled it than any

9

other person.  Any error in admitting evidence of Rodriguez's prior conviction was harmless in light of this other substantial evidence of his guilt.

## B.    Rodriguez Is Not Entitled to a New Trial Based on Newly Discovered Evidence.

The district court did not abuse its discretion in denying Rodriguez's motion for a new trial because he did not show that a new trial probably would have resulted in a different outcome.  *See United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995).  To succeed on a motion for a new trial based on newly discovered evidence under Rule 33, the movant must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Jernigan*, 341 F.3d at 1287 (internal quotation marks omitted).  The motion will fail if the movant does not establish any one of the aforementioned elements, and in such a situation the district court need not consider the other elements.  *Starrett*, 55 F.3d at 1554.  Therefore, if the movant has not persuaded the district court that a new trial would probably result in an acquittal, the district court is under no obligation to decide whether the evidence was used merely to impeach the movant's character.  *Id.*

10

We reject Rodriguez's argument that a new trial probably would result in an acquittal because his prior conviction was *nolle prossed*. As we explained above, a prior offense need not have resulted in a conviction to be admissible as proof in a criminal trial, so evidence of Rodriguez's prior possession of a firearm likely would have been admitted anyway. Moreover, as we explained, there was other evidence of Rodriguez's knowledge such that he likely would have been convicted even absent evidence of his prior offense. We therefore affirm the district court's denial of Rodriguez's motion for a new trial.

## IV.    CONCLUSION

The district court did not err in admitting evidence of Rodriguez's prior conviction, nor did it err in denying Rodriguez's motion for a new trial. First, although evidence of a crime is inadmissible to demonstrate a person's character, the district court properly admitted the evidence of Rodriguez's prior conviction under Rule 404(b) for the purpose of proving his knowledge. Moreover, even if the district court improperly admitted Rodriguez's prior conviction, doing so was harmless error because there was sufficient evidence to convict him without evidence of the prior conviction. Second, Rodriguez did not meet his burden to succeed on his motion for a new trial based on newly discovered evidence because he failed to show that the newly discovered evidence, if admitted in a new trial, would probably produce a different result. We affirm the district court's decisions

11

to admit evidence of Rodriguez's prior conviction and to deny his motion for a new trial.

   **AFFIRMED.**