**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 8, 2019**

# In the Court of Appeals of Georgia

A19A0141. HAMLETT v. THE STATE.

A19A0142. HAMLETT v. THE STATE.

MARKLE, Judge.

Hashim Hamlett and his brother Salim Hamlett appeal from their convictions for burglary (OCGA § 16-7-1 (2008)), and theft by taking (OCGA § 16-8-2). On appeal, they each challenge the sufficiency of the evidence against them; the admission of prior bad acts evidence under OCGA § 24-4-404 (b); and a jury instruction concerning possession of recently stolen property. Salim also challenges his sentence as cruel and unusual punishment under the federal and Georgia Constitutions. For the reasons that follow, we affirm on all grounds.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that

twin brothers Hashim and Salim were charged with six counts of burglary and theft by taking in connection with a scheme to steal high-end appliances from vacant Cobb County homes.[1] In Counts 1 and 2, the brothers were charged with breaking into a home on Timber Ridge and taking a washer and dryer, sofas, chairs, ottomans, and tables. In Counts 3 and 4, the brothers were charged with breaking into a home on Hill Forest Trail and removing a Wolf brand cooking range. In Count 5, the brothers were charged with theft by taking in connection with the removal of a Wolf cooking range from a home owned by Homes by Williamscraft on Tarpley Road. Finally, in Count 6, the brothers were charged with theft by taking for the removal of a Wolf range from a home on Indian Hills Parkway. Because Hashim and Salim challenge only the sufficiency of the evidence with respect to Counts 3, 4, and 5, we confine our discussion to the evidence relevant to those counts.

(a) Counts 3 and 4 relating to Hill Forest property

In early 2009, Buckhead Community Bank foreclosed on a home on Hill Forest. The house remained vacant and, in May 2009, someone broke into the home

---

[1] A co-defendant, John Uggerud, was charged solely in two other counts of the indictment and was acquitted.

and stole a Wolf cooking range. The serial number of this Wolf range was registered with Wolf, and police recovered this range at the Hamlett's home.

(b) Count 5 relating to theft from Tarpley Road property

In 2009, a property Williamscraft owned on Tarpley Road was vacant and advertised for sale. A sales agent discovered a burglary of the property in January 2009. A Wolf cooking range had been removed from the kitchen.

In March, a woman trying to purchase appliances on the website Craigslist.com found a listing for a Wolf range. She contacted the seller at a number with a 904 area code, and she spoke to a man who identified himself as Steven. She arranged to purchase the range and have it delivered to her home in Massachusetts, but later learned it was stolen. The serial number she was given for the item matched the serial number of the stove taken from the Tarpley Road house.

(c) Other evidence relevant to the charges

The jury also heard testimony that on July 15, police officers executed search warrants at a house the Hamlett brothers were renting. During the search, officers also found Hashim's wallet, several pieces of mail in the brothers' names, and real estate listings for different houses that were for sale. Police also found several computers in the house on which police observed Craigslist.com advertisements for the sale of

3

various appliances, and e-mail addressed to stevenbond63@yahoo.com and consolidatedbuilders@ymail.com. The advertisements contained two separate phone numbers, one with a 904 area code and the other with a 336 area code. The internet account was linked to Salim, and police found e-mails for Salim and Hashim on the computers. Additionally, police found photos of high-end appliances, user manuals for Wolf ranges, work orders in the name "Consolidated Builders, Inc.," and delivery orders naming Hashim and Salim as the drivers.

In May 2009, an officer posed as a buyer and responded to one of the Craigslist.com ads using the 904 phone number. She received a response from the e-mail address steven.bond63@yahoo.com. In June 2009, she made another inquiry to a different Craigslist ad showing the 336 phone number, and she received a response from "Steven" at the e-mail address consolidatedbuilders@ymail.com.

In addition, the jury heard testimony regarding the burglary charged in Count 6 in which a Wolf range was stolen. The victim testified that in May 2009, she learned the range was posted for sale on Craigslist.com, and she could identify the range due to her custom design. She e-mailed the seller, who was using the e-mail address consolidatedbuilders@ymail.com. Another man was trying to buy the same range off Craigslist and communicated with the seller at the e-mail address

4

stevenbond63@yahoo.com. The serial number of the range he saw in the ad matched the serial number of the range stolen in Count 6.

The State admitted testimony from three witnesses regarding Salim's 2010 conviction for burglary and possession of tools of a crime. Salim also stipulated to this conviction. The trial court gave two limiting instructions prior to the testimony as to the purpose of this evidence, and advised the jury that it was to be considered solely in connection with the charges against Salim. Neither Hashim nor Salim testified.

At the close of the State's case-in-chief, both defendants moved for directed verdict. The trial court denied the motions. The trial court instructed the jury using the pattern jury instruction for possession of recently stolen property, and it reminded the jury that Salim's prior convictions were relevant only to the charges against Salim. Both defendants objected to the instruction regarding possession of recently stolen items.

The jury convicted Hashim and Salim on all counts. Hashim was sentenced to a term of 20 years' imprisonment. Salim was sentenced to 30 years' imprisonment,

which consisted of a 20-year term for the burglary convictions, and a consecutive 10-year term for the theft by taking convictions.

Thereafter, Hashim filed a motion for new trial, as amended, arguing that (1) the evidence was insufficient to sustain his convictions; (2) the trial court erred in admitting into evidence Salim's prior conviction because that conviction had been reversed; and (3) the trial court improperly shifted the burden of proof in its jury instruction on possession of recently stolen property. Salim also filed a motion for new trial, as amended, arguing these same grounds, and adding that the sentence imposed violated his constitutional rights because he was sentenced to a 10-year consecutive term based on the prior conviction that had been reversed. The trial court denied the motions, and these appeals followed.

*Case No. A19A0141*

In Case No. A19A0141, Hashim argues that the evidence was insufficient to convict him; the trial court violated his constitutional rights by admitting evidence of Salim's prior conviction; and the trial court impermissibly shifted the burden of proof in the jury instruction for possession of recently stolen property. We address each in turn, finding no merit to any of the arguments.

6

1. Hashim first argues that the evidence was insufficient to convict him of Counts 3, 4, and 5 because the only evidence of his guilt was possession of the stolen items a month or more after the items were stolen. He does not challenge his convictions as to the remaining counts. He explains that the evidence might have been sufficient to show theft by receiving, but not theft by taking or burglary. We are not persuaded.

> When evaluating the sufficiency of evidence, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. Moreover, a reviewing court must consider all of the evidence admitted by the trial court, regardless of whether that evidence was admitted erroneously.

(Citations and punctuation omitted.) *Cunningham v. State*, 304 Ga. 789, 791-792 (1) (822 SE2d 281) (2018).

"Whether circumstances were sufficient . . . to exclude every reasonable hypothesis except that of defendant's guilt was a question for the [factfinder]. It is only when the evidence is insupportable as a matter of law that the judgment of

7

conviction may be disturbed, even where the evidence is entirely circumstantial." (Citation and punctuation omitted.) *Mays v. State*, 306 Ga. App. 507, 511 (1) (a) (703 SE2d 21) (2010). Additionally,

> [a] participant to a crime may be convicted although he is not the person who directly commits the crime. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Whether [the defendant] was a party to the crimes . . . is a jury question.

(Citation and punctuation omitted.) *Huntley v. State*, 331 Ga. App. 42, 43 (1) (769 SE2d 757) (2015).

(a) Burglary of the Hill Forest Trail property in Count 3

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . . ." OCGA § 16-7-1 (2008).

> Although there is still validity to the long-established rule that proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary.

8

*Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). However,

> If the unexplained possession of stolen goods is the only evidence supporting the conviction, such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction. Otherwise, recent possession of stolen goods will be viewed as probative evidence of the crime and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

(Citations and punctuation omitted.) *Gaither v. State*, 321 Ga. App. 643, 646 (1) (742 SE2d 158) (2013).

Here, the jury heard evidence that in May 2009, someone broke into a vacant home on Hill Forest Trail and removed a Wolf cooking range. When police executed the search warrant at Hashim's home in July 2009, they found the Wolf range that had been stolen from the Hill Forest Trail property.[2]

Importantly, the recent possession of the stolen item was not the sole evidence to support the burglary charge. The jury also heard evidence of Craigslist.com

---

[2] We note that "[t]he state is entitled to rely on circumstantial evidence to show that the property found was the same as that which was stolen. And, once one item of stolen property is identified as being in the possession of the defendant, any question of identity of the remainder goes to the weight of the evidence relating to identification, and the weight of the evidence is a question for the jury." (Citations omitted.) *Stinson v. State*, 294 Ga. App. 184, 186 (1) (668 SE2d 840) (2008).

9

advertisements attempting to sell the range in June 2009 using a phone number with a 904 area code. Police also recovered computers in Hashim's home, and they found advertisements using the 904 area code and e-mails related to the sale of the stolen goods on those computers. The internet account was linked to Salim, and Hashim's e-mails were on the computers. Additionally, police found photos of high-end appliances, user manuals for Wolf ranges, work orders in the name "Consolidated Builders, Inc.," and delivery orders showing Hashim as the driver.

Moreover, Hashim was prosecuted as a party to the crime; thus, although he might not have personally entered the Hill Forest property, the jury could have concluded from all the evidence that he was involved in procuring the stolen items and disposing of them. *Stinson v. State*, 294 Ga. App. 184, 185 (1) (668 SE2d 840) (2008) (jury may consider defendant's conduct before and after burglary to determine if defendant is a party to the crime).

Finally, to the extent that Hashim argues that the period of time was too attenuated to show possession of "recently stolen" property, "[w]hat would be a recent possession is in all cases a question for the jury, to be determined very largely from the character and nature of the property stolen." (Citation omitted.) *Brown v. State*, 157 Ga. App. 473, 474 (1) (278 SE2d 31) (1981) (possession of items stolen

10

as much as a year earlier was sufficient to convict for burglary). We have affirmed convictions based on lengthier time frames than the one presented here. Id. See also *Mays*, 306 Ga. App. at 510 (1) (a) (possession of items stolen more than a month earlier was sufficient for jury to find defendant guilty of burglary); *Robinson v. State*, 150 Ga. App. 261 (257 SE2d 352) (1979) (possession of items stolen within the previous four months was sufficient to find defendant guilty of theft by taking). Accordingly, we conclude that the evidence was sufficient to convict Hashim of the burglary charged in Count 3.

(b) Theft by taking from the Hill Forest property in Count 4

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2.

As discussed above, the evidence showed that Hashim was in possession of the stolen range, and that he was a party to the crime when he was involved in selling it. This evidence, along with the other evidence described above, was sufficient to support Hashim's conviction for theft by taking. See *Jefferson v. State*, 273 Ga. App. 61, 62-64 (1) (614 SE2d 182) (2005) (unexplained possession of recently stolen items

11

was sufficient to support conviction for theft by taking); *Robinson*, 150 Ga. App. at 261.

(c) Theft by taking in connection with the Tarpley Road property in Count 5

Here, the evidence was sufficient for the jury to convict Hashim of theft by taking in connection with the range stolen from the property on Tarpley Road. In January 2009, someone removed a Wolf range from a vacant home on Tarpley Road. Two months later, the range was listed for sale on Craigslist.com. The seller identified himself as "Steven" and was using a contact number with a 904 area code. A search of Hashim's home uncovered several computers with Craigslist.com advertisements with contact numbers using area code 904 for the sale of Wolf ranges. Hashim's e-mail address was found on the computer, along with e-mails addressed to stevenbond63@yahoo.com. And there were user manuals for Wolf ranges, and delivery orders for appliances naming Hashim as the driver. Viewing this evidence in the light most favorable to the verdict, the evidence was sufficient for the jury to find Hashim guilty of theft by taking as alleged in this count.

2. Hashim next argues that the State violated his due process rights under the federal and Georgia Constitutions by admitting evidence of Salim's 2011 conviction for burglary and possession of tools of a crime, which prejudiced him, especially now

12

that the prior conviction has been overturned. See *Hamlett v. State*, 323 Ga. App. 221 (753 SE2d 118) (2013).

Hashim did not object to the admission of this evidence, and he agreed with the limiting instruction given to the jury. Although we generally review a challenge to this evidentiary ruling for abuse of discretion, *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015), where, as here, a defendant has not timely objected to the evidence, we review for plain error. OCGA § 24-1-103 (a), (d). See also *Pierce v. State*, 302 Ga. 389, 393-394 (1) (c) (807 SE2d 425) (2017). To establish plain error, Hashim must show

> an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Punctuation and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Hashim cannot meet his burden.

Under OCGA § 24-4-404 (b), evidence of other acts is "admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

> To determine whether other acts evidence is admissible for these purposes under the new Evidence Code, the State must satisfy a three-part test: (1) the evidence needs to be relevant to an issue other than bad character; (2) the probative value of the other acts evidence cannot be outweighed substantially by its unfair prejudice; and (3) there must be sufficient proof to enable the jury to find that the accused committed the other acts.

(Citation omitted.) *Brooks v. State*, 298 Ga. 722, 724 (2) (783 SE2d 895) (2016).

Here, Hashim cannot show plain error in the admission of Salim's prior conviction. The trial court gave a limiting instruction that the evidence was relevant only to the charges against Salim before the first witness testified, again before another witness testified, and for a third time in its final jury instructions. We presume that the jury followed its instructions. See *Brown v. State*, 300 Ga. 446, 449 (3) (796 SE2d 283) (2017).

The crux of Hashim's argument on appeal is that this evidence is prejudicial now that Salim's conviction has been overturned. But the admission of similar transactions under OCGA § 24-4-404 (b) is not limited to conduct resulting in a conviction. See *State v. Atkins*, 304 Ga. 413, 420 (2) (b) (i) (819 SE2d 28) (2018) (prior conduct for which the defendant was acquitted is admissible in subsequent trial under OCGA § 24-4-404 (b)).

Moreover, we have found no Georgia cases under the new Evidence Code regarding the admissibility of a conviction later overturned.[3] Nevertheless, it is well-settled that an acquittal of similar charges does not preclude admission of said charges under Rule 404 (b). See *Cobb v. State*, 300 Ga. App. 565, 566-567 (685 SE2d 458) (2009). See also *Atkins*, 304 Ga. at 418-420 (2) (b) (i).

Additionally, the Eleventh Circuit Court of Appeals recently held that it was not error to admit evidence of a prior conviction that was later invalidated because Rule 404 (b) allows "evidence of relevant offense conduct even when a defendant has been acquitted or never charged in connection with that offense."[4] *United States v.*

---

[3] Although the offenses occurred in 2009, the trial began in January 2013, after the adoption of the New Evidence Code.

[4] We look to federal cases when analyzing the admission of evidence under the New Evidence Code. *Brooks*, 298 Ga. at 724 (2).

*Rodriguez*, 713 Fed. Appx. 815, 819 (III) (A) (11th Cir. 2017). See also *Dowling v. United States*, 493 U. S. 342, 348-350 (II) (A) (110 SCt 668, 107 LE2d 708) (1990) (permitting admission of prior conduct for which defendant was acquitted under Rule 404 (b)). Cf. *United States v. Green*, 873 F3d 846, 857-866 (C) (11th Cir. 2017) (concluding that evidence of defendant's prior nolo contendere plea alone was not sufficient to show the defendant committed the prior crime under Rule 404 (b) because Rule 410 excludes such pleas from consideration). Accordingly, there was no plain error in the admission of this evidence.

3. Finally, Hashim argues that the trial court erred in instructing the jury on possession of recently stolen property because this instruction shifted the burden of proof to him. He concedes that this Court and the Supreme Court of Georgia have upheld the instruction.

Here, the trial court instructed the jury as follows:

[I]f you should find beyond a reasonable doubt that the crimes of burglary and/or theft by taking have been committed as charged in the indictment and that certain personal property as set forth in the indictment was stolen as a result of such crime, and if recently thereafter a defendant should be found in possession of any of the stolen property, that would be a circumstance, along with all the other evidence, from which you may infer guilt as to the charge of burglary and/or theft by

16

taking as set forth in the indictment. If you find the evidence merits such an inference, you may not draw an inference of guilt if, from the evidence, there is a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine.

As Hashim concedes, his argument that this instruction impermissibly shifts the burden of proof to the defendant has been rejected by the Supreme Court of Georgia. *Brown v. State*, 289 Ga. 259, 262 (3) (710 SE2d 751) (2011). Therefore, this enumeration of error does not require reversal.

*Case No. A19A0142*

In Case No. A19A0142, Salim raises the same arguments as his brother and adds a challenge to his sentence. Finding no merit to these claims, we affirm.

4. Like his brother, Salim challenges the sufficiency of the evidence only with respect to Counts 3, 4, and 5. For the reasons discussed in Division 1, this argument fails.

5. Salim next argues that the trial court violated his constitutional due process rights when it admitted evidence of his prior conviction, where that conviction was later reversed. We disagree.

17

Here, Salim does not challenge the admission of the evidence as irrelevant, nor does he contend that there is insufficient proof that he committed the other act. We agree with the trial court that the prior convictions for burglary and possession of tools of a crime were relevant to show knowledge, absence of mistake, and intent with respect to the charges pending against Salim. OCGA § 24-4-404 (b). And, as discussed in Division 2, the State satisfied the requisite three-part test to establish the admissibility of the evidence.[5]

Instead, Salim contends that it was error to admit evidence of his prior burglary conviction because it was later overturned, and the State was attempting to use the prior conviction to relitigate an issue already decided in his favor. But this argument misconstrues this Court's reversal in the prior case. In *Hamlett*, this Court found that the trial court should have suppressed the evidence obtained from a GPS device and, without this evidence, there was not enough evidence to support Hamlett's conviction. See *Hamlett*, 753 Ga. App. at 126, 128-129 (1) (b) and (2). This finding did not implicate or call into question Salim's intent, absence of mistake, or knowledge of the underlying crimes. Thus, by seeking to admit the prior conviction

_____

[5] The State proffered three witness to testify regarding the prior conduct, and Salim stipulated to the prior conviction.

in the instant burglary case to show intent, knowledge, or absence of mistake, the State was not relitigating an issue already decided against it. Moreover, the cases on which Salim relies to explain the admissibility of this evidence were all decided under the former evidence code and are inapplicable to the instant case. See *State v. Almanza*, 304 Ga. 553, 555-557 (820 SE2d 1) (2018) (where a rule under the New Evidence Code is materially identical to a Federal Rule of Evidence, we look to federal cases to interpret the rule, and our prior precedent under the old Evidence Code does not apply.)

Finally, as noted above, the trial court repeatedly instructed the jury on the limited use of this prior conviction, and we presume the jury followed its instructions. *Brown*, 300 Ga. at 449 (3). Accordingly, because prior bad acts are admissible if the conditions of Rule 404 (b) are satisfied, and the reversal of the prior conviction was not based on the issue of intent, we conclude that the trial court properly admitted the evidence even though that prior conviction has since been overturned.

6. In his third enumeration of error, Salim contends that the trial court violated his constitutional rights by shifting the burden of proof to the defendant when instructing the jury on possession of recently stolen property. For the reasons discussed in Division 3, this argument is without merit.

7. Finally, Salim challenges the consecutive 10-year sentence imposed for the theft offenses because the trial court based this sentence on the prior conviction that has since been reversed. We discern no error in the sentence imposed.

Prior to trial, the State notified Salim that it intended to seek recidivist sentencing based on his five prior convictions, which included the 2010 conviction that was later overturned. During trial, Salim stipulated to the prior conviction, and the trial court admitted witness testimony regarding the prior burglary.[6] At sentencing, the State argued that Salim should receive a longer sentence than Hashim because Salim had been convicted of an additional burglary in Fulton County while on supervised release following his conviction in federal court.

Salim was convicted of burglary and theft by taking, which carry statutory maximum sentences of 20 years and 10 years imprisonment respectively. See OCGA

---

[6] In this way, the trial court obtained not only a copy of the prior conviction, but it also heard testimony as to the factual basis underlying that conviction. Arguably, then, even once the conviction was overturned, there was evidence the trial court could consider under OCGA § 24-4-404 (b) at sentencing. Cf. *Crawford v. State*, 166 Ga. App. 272 (1) (304 SE2d 443) (1983) (in appeal involving revocation of probation, "the better practice . . . would be [to] . . . introduce evidence of the criminal offense underlying the conviction as well as a certified copy of the conviction itself. If that is done, the fact that the conviction is reversed on appeal because of error or because the evidence does not support a finding of guilt beyond a reasonable doubt, will not vitiate a revocation of probation properly based on slight evidence of the criminal offense.").

§ 16-7-1 (2008), 16-8-12 (a) (1) (B). The trial court sentenced Salim to the statutory maximum.

Under OCGA § 17-10-7 (c), a defendant who has been convicted of three or more prior felonies shall be sentenced to the maximum time allowed. Here, regardless of Salim's 2010 conviction, he qualified to be sentenced as a recidivist, and he faced the mandated maximum term of imprisonment. OCGA § 17-10-7 (c).

As we have explained, "[t]here is a presumption that a sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety." (Citation omitted.) *McIntosh v. State*, 287 Ga. App. 293, 294 (651 SE2d 207) (2007). "Absent evidence that the trial court relied on improper evidence in imposing sentence, we must apply the presumption that the judge considered only those matters which may be lawfully considered in determining a sentence." (Citation and punctuation omitted.) Id. at 295; see also *Wright v. State*, 265 Ga. App. 188, 190 (2) (593 SE2d 391) (2004). Salim has not met his burden here.

The record is silent as to the trial court's rationale in imposing the specific sentence it chose. The mere fact that the State argued that Salim should receive a greater sentence does not establish that the trial court followed this request. *Camaron v. State*, 246 Ga. App. 80, 82 (1) (539 SE2d 577) (2000) (where trial court made no

21

written ruling or statement on the record that showed it had misunderstood its authority to sentence defendant as a first offender, defendant failed to show error).

It is within the trial court's discretion to fashion a sentence that fit the crimes for which the defendant is convicted, provided that the sentences fall within the statutory ranges. *State v. Riggs*, 301 Ga. 63, 68 (2) (a) (799 SE2d 770) (2017); see also OCGA § 17-10-1 (a) (1) (2012) (only limitation on trial court's discretion is that the prescribed sentence indicates a specific number of months or years and falls within the statutory range); *Monroe v. State*, 250 Ga. 30, 36 (7) (295 SE2d 512) (1982) (appellate courts generally will not disturb the trial court's exercise of its sentencing discretion as long as the sentence is within the statutory limits). This includes the trial court's authority to impose such sentences to run consecutively. See OCGA § 17-10-10 (a); *Rooney v. State*, 287 Ga. 1, 3-4 (3) (690 SE2d 804) (2010). Because Salim has not shown that the trial court erred in imposing consecutive sentences, we affirm.

*Judgments affirmed. Doyle, P. J., and Coomer, J., concur*.